Gerald D. WARD and Joan Ward (Deceased), Petitioners–Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.

No. 89–4580.

United States Court of Appeals, Fifth Circuit.

Aug. 1, 1990.

Robert D. Grossman, Jr., Grossman & Flask, Washington, D.C., for petitioners-appellants.

William F. Nelson, Chief Counsel, I.R.S., Gilbert S. Rothenberg, Roger M. Olsen,

Gary R. Allen, Chief, Janet K. Jones, Michael L. Paup, Chief, Appellate Section, Tax Div., Dept. of Justice, Washington, D.C., for respondent-appellee.

Before REAVLEY, JONES and DUHÉ, Circuit Judges.

EDITH H. JONES, Circuit Judge:

Gerald Ward appeals from an order of the Tax Court dismissing for untimeliness of his petition for redetermination of a deficiency, 92 T.C. 949. 26 U.S.C. § 6213(a). When issuing its final order, the Tax Court set aside a prior default judgment favoring petitioners. Although we conclude that the Tax Court did not abuse its discretion by setting aside its prior ruling, we find that the IRS failed to exercise reasonable diligence in ascertaining Ward's "last known address." Accordingly, we reverse the Tax Court's decision on the merits, and remand with instructions to dismiss for lack of jurisdiction and to reconsider Ward's oral motion for litigation costs under 26 U.S.C. § 7430.

The factual maze presented by this case began in 1981 when Gerald Ward and his wife Joan ("Ward") filed the tax return at issue. That return listed the Wards' address as 2927 Ella Lee Lane, Houston, Texas. Joan Ward died in 1982. Two years later, the Internal Revenue Service's ("IRS") Houston Office initiated an investigation of business deductions claimed on Ward's 1981 tax return.[1] Pursuant to this investigation, Ward executed a waiver of the statute of limitations for this tax year. Ward remained in frequent contact with the Houston office until July, 1986.

In late October, 1986 Ward moved from Houston to Kingwood, Texas. He mailed a letter to the central IRS Service Center in Austin, Texas on November 6, 1986 notifying them of his new address. The Austin office is the administrative center for the Houston branch office. Although the IRS received the letter on November 10, and input the address to its local computer, the agency could not update the history portion of Ward's tax module on the central computer for 45 days.[2] *See* Rev.Proc. 90–18, 1990–13 I.R.B. ——. Before the central computer reflected the address change, no computer search would reveal Ward's new address.

Nevertheless, IRS employees in Houston could have discovered that an address change was pending. Several days after the Austin office input the modification, the letters "PN" would appear on the history portion of Ward's file, indicating a pending change. The computer would also display a posting code to reflect the type of modification that would occur. The IRS estimates that this information could have been available as early as November 12, 1986. Affidavit of Lorna Bradford, September 27, 1988. On November 18, 1986, the IRS mailed Ward a letter thanking him for notifying the service of his new address, indicating that IRS had entered the modification into their records, and explaining that Ward should mail any further correspondence regarding this modification to the Austin office. Ward never communicated the address change directly to the Houston office.

While the Austin office processed Ward's new address, the Office of District Counsel in Houston prepared a notice of deficiency regarding Ward's 1981 tax return, to be mailed to Ward's Houston address. Before

---

**1.** Ward invested in a gold mining tax shelter called the Atlas Mining Joint Venture. This was one of a large group of tax shelters known collectively as the Munro–Shuman tax shelter project. General matters pertaining to these tax shelters are handled by a project attorney in the "key district," however, the IRS funnels individual cases to the local office issuing the notice of deficiency.

**2.** In order to update information contained in a taxpayer's main computer module, the IRS' local Service Center must transfer the information to a magnetic tape. This tape is transported to the IRS' National Computer Center at Martinsburg, West Virginia, where the IRS enters the information into the taxpayer's file. Because of factors like quality control, computer problems and posting cycles, it takes the IRS approximately two to three weeks to input the information.

dispatching the notice, the Office assigned the file to a "90–day reviewer", Douglas Brown, to verify the taxpayer's name, address and social security number, as well as the notice's substantive contents. Brown received the file on November 7, 1986. Sometime between November 7 and November 20, Brown conducted a computer search to ascertain whether the taxpayer had changed his address. The computer module still reflected the Houston residence; however, Brown did not know that he could ascertain whether a change was pending via the "PN" notification and the posting code. Affidavit of Douglas Brown, September 28, 1988. Brown signed the deficiency notice and mailed it to the taxpayers on November 20, 1986.

Although Ward received other mail forwarded by the post office, he never received this deficiency notice. Since the post office did not return the notice to the IRS, the IRS remained unaware that Ward had not received it. On April 6, 1987, the IRS mailed a Statement of Tax Due for the 1981 tax year to Ward's *Houston* address. Ward did receive this Statement, and promptly forwarded it to his attorney.

Ward's attorney wrote three different letters to the IRS informing them that Ward never received the requisite deficiency notice, and that the IRS had incorrectly mailed subsequent correspondence to petitioner's former address.[3] In response, the IRS mailed two Notices of Overdue Taxes to Ward at the Kingwood address. Finally, on September 24, 1987, the IRS forwarded a *copy* of the original Notice of Deficiency to Ward in Kingwood. This copy still bore the Houston address. On April 5, 1988, the IRS notified Ward that it intended to levy against Ward's property to satisfy the tax debt.

Ward filed his petition with the Tax Court on May 25, 1988. Simultaneously, he filed a Motion to Dismiss for Lack of Jurisdiction on the grounds that the IRS failed to mail the Deficiency Notice to petitioner's "last known address." The motion did not yet contain a docket number, since Ward

filed it simultaneously with the petition. Ward served a copy of this motion on the IRS attorney in Austin who had coordinated the investigation of Ward's joint venture.[4] However, the IRS assigned this case to a different attorney at the field office in Houston. The Austin lawyer received no further communications concerning the undocketed case and did not realize that the case had been assigned to another office.

In the meantime, pursuant to the Tax Court's rules, the Clerk of the Court served Ward's petition on the IRS' Chief Counsel in Washington D.C. Because the motion already contained the erroneous certificate of service listing the Austin attorney, the Clerk did not forward it to the IRS. The IRS created a case file containing just the petition and sent it to the Houston office. At about the same time, the Clerk of the Court served a Notice of Filing on the IRS' Washington office indicating that petitioner had filed a motion to dismiss, and reminding the IRS to file objections to that motion by June 21, 1988. The Houston office either did not receive this notice or failed to associate it with the newly-opened file. Since the IRS filed no objections, the Tax Court granted Ward's motion on June 30, 1988, and forwarded a copy of the order to the IRS.

Twenty-two days later, the IRS filed a motion to vacate the Tax Court's judgment on the ground that the service failure to object to petitioner's motion amounted to excusable neglect. The Court requested the IRS to file a supplemental brief detailing its position on Ward's jurisdictional motion. The IRS then filed its objections to petitioner's motion, as well as a cross-motion to dismiss for lack of jurisdiction on the ground that petitioner filed his petition with the Tax Court more than 90 days after the IRS issued the notice of deficiency.

The Tax Court's opinion adjudicating these motions provides the basis for this appeal. Treating the IRS' motion to vacate as a motion to set aside the Tax Court's

---

**3.** These letters were dated April 20, 1987, July 1, 1987 and August 5, 1987.

**4.** See note 1.

dismissal, the Court granted the motion because (1) inadvertent mishaps caused the IRS to overlook the filing deadline; (2) in imposing the dismissal the Court never considered the claim's merits; and (3) dismissal was a harsh sanction in response to the IRS' failure to file. On the merits the Court found that the IRS had exercised reasonable diligence in ascertaining petitioner's "last known address," and that Ward had filed his petition well beyond the 90–day jurisdictional limit. Therefore, the Court granted the IRS' motion to dismiss for lack of jurisdiction, denied Ward's motion to dismiss on the same grounds, and disallowed a cost award for the petitioners. Ward raises two challenges on appeal.

## I.

First, Ward argues that the Tax Court abused its discretion by setting aside its original order. Ward adequately complied with the Tax Court's rules for filing and service of process. He contends that the IRS failed to receive notice only because its cumbersome office procedures prevented the agency from associating the Tax Court's notice with the file. Given that the IRS requires taxpayers to comply strictly with notice requirements and filing deadlines, Ward concludes that it would be inequitable to permit the IRS, a regular litigator in the Tax Court, to sidestep procedural requirements because of its own administrative irregularities. Although we sympathize with Ward's concerns regarding strict compliance with procedural requirements, we conclude that the Tax Court did not abuse its discretion when it set aside its original dismissal.

While the IRS filed its motion as a motion to vacate the judgment, the Tax Court treated it as a motion to set aside a default or dismissal and reviewed the motion under Tax Court Rule 123. Rule 123(a) provides:

(a) **Default**—When any party has failed to plead or otherwise proceed as provided by these Rules or as required by the

Court, he may be held in default by the Court either on the motion of another party or on the initiative of the Court. Thereafter, the Court may enter a decision against the defaulting party, upon such terms and conditions as the Court may deem proper ...

In this case, when the IRS failed to file any objections to Ward's motion, the Tax Court adopted Ward's allegations that the IRS neglected to determine his "last known address," and entered judgment against the IRS as permitted by this rule.

■ The Tax Court may set aside any default or decision rendered as a result of the default "[f]or reasons deemed sufficient by the Court and upon motion expeditiously made." Tax Court Rule 123(c). A motion is expeditiously made if filed within the 90–day period preceding finality of the Tax Court judgment. *Billingsley v. CIR*, 868 F.2d 1081, 1082 (9th Cir.1989). Given that the IRS expeditiously filed its motion 22 days after the Tax Court entered the order, we need only determine whether the reasons relied upon by the Tax Court to support its decision amounted to an abuse of discretion. *Steinbrecher v. Commissioner*, 712 F.2d 195, 197 (5th Cir.1983); *Watson v. Commissioner*, 690 F.2d 429, 431 (5th Cir.1982); *Crandall v. Commissioner*, 650 F.2d 659, 660 (5th Cir.1981). *See United States v. One Parcel Real Property*, 763 F.2d 181, 183 (5th Cir.1985).

■ The Tax Court did not abuse its discretion when it set aside this dismissal. The court viewed the dismissal as a sanction against the IRS for its failure to respond to the taxpayer's motion. Upon further review, the court concluded that the IRS' non-responsiveness resulted from a confluence of several unrelated failures, some of which were beyond IRS's control. Ward erroneously served a copy of his motion to dismiss on the wrong IRS attorney.[5] Because this copy did not contain a docket number, that attorney could not forward the document to the attorney working on

---

5. This attorney that Ward served was in charge of the IRS project task force investigating the tax shelter in which appellant invested. Appellant evidently believed that this attorney was also handling the notice of deficiency in his case. Ward's attorney's notice doesn't seem to make a difference.

the case. However, Ward filed a certificate of service with the Tax Court indicating that he had served opposing counsel with a copy of the motion. As a result, unlike the procedure in most cases, the clerk of the Tax Court never served the motion on the IRS. Finally, although the court did issue a notice advising the IRS that appellant had filed a motion to dismiss, the IRS never associated this notice with the correct case file. Since Ward, the Tax Court and the IRS all contributed to the IRS' inability to respond to Ward's motion, the Tax Court preferred to permit the IRS to have its day in court rather than to dismiss the IRS for failure to respond. Under these circumstances, the Tax Court did not abuse its discretion.

## II.

Ward also contends that the Tax Court does not have jurisdiction over this case since the IRS failed to mail the notice of deficiency to Ward's "last known address." The Tax Court rejected this contention, finding that the IRS had exercised reasonable diligence in determining Ward's last known address. The question whether the IRS satisfied this last known address requirement is a question of fact, and we may reverse the Tax Court only if its finding is clearly erroneous. *Pomeroy v. United States*, 864 F.2d 1191, 1194 (5th Cir. 1989); *Mulder v. Commissioner*, 855 F.2d 208, 211 (5th Cir.1988); *Johnson v. Commissioner*, 611 F.2d 1015, 1019 (5th Cir. 1980). *See Alta Sierra Vista, Inc. v. Commissioner*, 62 T.C. 367, 372 (1974), *aff'd mem.*, 538 F.2d 334 (9th Cir.1976).

■ In order for the Tax Court to have jurisdiction over a petition for redetermination, the taxpayer must file the petition within 90 days after "the notice of deficiency authorized in § 6212 is mailed." 26 U.S.C. § 6213. *See Mulder*, 855 F.2d at 211. Where the IRS mails a defective notice of deficiency, the Tax Court lacks jurisdiction over a petition for redetermination. *Scar v. Commissioner*, 814 F.2d 1363, 1366 (9th Cir.1987) ("A valid petition is the basis of the Tax Court's jurisdiction. To be valid, a petition must be filed from a valid

statutory notice."); *Stevens v. Commissioner*, 709 F.2d 12, 13 (5th Cir.1983). *See Laing v. United States*, 423 U.S. 161, 96 S.Ct. 473, 46 L.Ed.2d 416 (1976); *Alford v. Commissioner*, 800 F.2d 987, 988 (10th Cir. 1986); *Shapiro v. Secretary of State*, 499 F.2d 527 (D.C.Cir.), *aff'd* 424 U.S. 614, 96 S.Ct. 1062, 47 L.Ed.2d 278 (1976).

■ To be effective, a notice of deficiency must be mailed to the taxpayer at his "last known address." 26 U.S.C. § 6212(b)(1). The taxpayer's "last known address" is the address to which, in light of all surrounding facts and circumstances, the Commissioner reasonably believed the taxpayer wished the notice of deficiency to be sent. *Pomeroy*, 864 F.2d at 1195; *Mulder*, 855 F.2d at 211; *Eschweiler v. United States*, 877 F.2d 634, 636 (7th Cir. 1989); *Guillen v. Barnes*, 819 F.2d 975, 977 (10th Cir.1987).

■ To determine what the Commissioner reasonably believed, we must focus on the information that would be available to the IRS at the time that it issued the deficiency if it had used reasonable diligence. *Mulder*, 855 F.2d at 211; *Cyclone Drilling Inc. v. Kelley*, 769 F.2d 662, 664 (10th Cir.1985); *McPartlin v. Commissioner*, 653 F.2d 1185 (7th Cir.1981); *Crum v. Commissioner*, 635 F.2d 895, 899–901 (D.C.Cir.1980). We presume that the IRS used reasonable diligence if it mailed the deficiency notice to the address contained on the taxpayer's most recently filed tax return, unless the taxpayer provided "clear and concise" notice to the IRS of an address change. *Pomeroy*, 864 F.2d at 1194; *King v. Commissioner*, 857 F.2d 676, 681 (9th Cir.1988); *Tadros v. Commissioner*, 763 F.2d 89, 91 (2nd Cir.1985). *Abeles v. Commissioner*, 91 T.C. 1019, 1035 (1988); *Alta Sierra Vista, Inc.*, 62 T.C. at 372. Clear and concise notice is "notice by which the taxpayer indicates to the IRS that he wishes the new address to *replace* all old addresses in subsequent communications." *Cyclone Drilling Inc.*, 769 F.2d at 664. *See King*, 857 F.2d at 681; *Guillen*, 819 F.2d at 977. Where the taxpayer has provided clear and concise notice, a deficiency notice mailed to the address listed on the

taxpayer's prior, albeit most recent, tax return is ineffective.

■ There is no doubt that the letter written by Ward to the IRS provided the IRS with clear and concise notice of Ward's address change. IRS acknowledged in its response letter that it had received Ward's communication and that it had entered the address change into its records. Nevertheless, the IRS argues that the deficiency notice mailed to Ward's prior address should be sufficient because the IRS had not completed processing Ward's change of address at the time that it mailed the deficiency notice. Accordingly, the Service contends, it should be deemed to have "clear and concise notice" of a change of address only after a reasonable time during which that notice could be properly processed. *See Abeles*, 91 T.C. at 1035.

We do not disagree that IRS requires a reasonable time to process change of address notifications. We disagree that it lacked such an opportunity in this case.[6] While it is true that an IRS agent reviewing Ward's notice of deficiency on November 20, when the IRS mailed the notice, could not have found Ward's new address in the central computer file, a properly instructed agent would have found the "PN" notification and the posting code advising him that a change of address was pending. Since Ward had already waived the limitations period for this particular tax year, the IRS agent easily could have waited two or three weeks, until the new address appeared on his computer, before mailing the notice. Alternatively, the agent could have mailed the notice to the old address, and then mailed a second no-

tice to the new address several weeks later.[7]

The Houston IRS agent handling Ward's case followed neither of these procedures. As a matter of fact, the agent did not even know that "PN" notifications or posting code existed. Once the agent checked the computer file and matched the address on the notice of deficiency with Ward's old address on the history module, the agent assumed that he had located the taxpayer's "last known address." We find that under these circumstances, this limited search did not satisfy the reasonable diligence requirement, and the Tax Court's contrary finding is clearly erroneous.

Our prior holding in *Mulder v. Commissioner*, 855 F.2d. at 211, supports this determination. There, the IRS sent two mailings to Mulder's San Francisco address. The Post Office returned both letters to the IRS undelivered, explaining that the taxpayer had moved and left no forwarding address. Nevertheless, several months later, the IRS mailed the taxpayer's notice of deficiency to the same residence. Finding that the IRS had not exercised due diligence in ascertaining the taxpayer's "last known address," we held that when the IRS was aware before mailing the deficiency notice that the taxpayer had moved, the IRS was required to exercise greater diligence to discover the taxpayer's whereabouts. *Id.* at 212. *See Wallin v. Commissioner*, 744 F.2d 674 (9th Cir.1984); *Monge v. Commissioner*, 93 T.C. 22 (1989); *Fernandez v. Commissioner*, 54 T.C.M. 1036 (1987); *King v. Commissioner*, 88 T.C. 1042 (1987).

In some circumstances, this greater diligence might require the IRS to contact the

---

6. Our decision is thus consistent with *Abeles*, 91 T.C. at 1035, in which the Tax Court stated: "Further, we hold that the address from the more recently filed return is *available* to the agent issuing a notice of deficiency ... if such address could be obtained by a computer generation of an IRS computer transcript using the taxpayer's TIN...." (emphasis in original).

That Ward's address was in the process of being changed by IRS was information available in the computer to agent Brown on November 20, when he signed the notice of deficiency.

7. The waiver of a limitations period under Form 872–A does not terminate until after the IRS sends a *valid* notice of deficiency to the taxpayer. *Kinsey v. Commissioner*, 859 F.2d 1361, 1363 (9th Cir.1988). Since notice sent to the wrong address does not constitute valid notice, the IRS would not risk expiration of the waiver by sending two notices, and it would ensure that the taxpayer properly received statutorily sufficient notice. *Roszkos v. Commissioner*, 850 F.2d 514, 517 (9th Cir.1988).

taxpayer's employer, travel agent or those representatives listed in taxpayer's file, to call the motor vehicle or driver's license bureau, or to check files within other branches of the IRS. *Mulder,* 855 F.2d at 212. *See King,* 857 F.2d at 680 (imputing knowledge of address change from tax processing bureau to audit bureau). For Ward, however, the IRS did not have to undertake such extensive inquiries. Instead, the IRS agent could have waited several days before issuing the notice of deficiency. The taxpayer's new address would have appeared on the agent's computer screen. Given that other courts facing similar facts have imposed more elaborate investigative requirements on the IRS, we cannot say that the IRS exercised reasonable diligence in this case to ascertain taxpayer's last known address.

The decisions utilized by the IRS to undermine this proposition are inapposite. In most cases, the taxpayer relied upon his most recently filed income tax return to inform the IRS that he had moved. *See Abeles v. Commissioner,* 91 T.C. 1019 (1988); *Yusko v. Commissioner,* 89 T.C. 806 (1987); *Keith v. Commissioner,* 54 T.C.M. (CCH) 1228 (1987); *Soria v. Commissioner,* 55 T.C.M.(P–H) ¶ 86,206 (1986); *Singer v. Commissioner,* 55 T.C.M.(P–H) ¶ 86,193 (1986). In *Pomeroy v. Commissioner,* 864 F.2d 1191 (5th Cir.1989), the taxpayer did provide "clear and concise" notice of an address change but then used a conflicting address on a subsequently filed income tax return. We held that the IRS is deemed to have notice of a new address on the date that the tax return is properly processed, rather than on the date that the IRS receives the tax return, as long as the IRS does not unreasonably delay when inputting tax return information. *See Abeles,* 91 T.C. at 1032; *Yusko,*

89 T.C. at 809. The IRS contends that the same rule should govern in Ward's case.

We recognize that the IRS must be accorded some time to process taxpayer information properly before it can be charged with notice of the information. However, the amount of time needed to properly process information should depend upon the manner in which the taxpayer conveyed that information to the IRS. The burden to apprise the IRS of a change in address falls on the taxpayer. *Tadros,* 763 F.2d at 89. Where a taxpayer like Ward responsibly discharges this burden by individually mailing a change of address to the IRS, and where the IRS uses "PN" notifications and posting codes almost immediately to inform its agents of a pending address change, the IRS must be deemed to have notice at the time that the IRS posts the codes that the taxpayer has moved. IRS can easily devise measures to assure that its agents expeditiously receive the information that a change of address is pending.[8]

On the other hand, in the cases cited by the IRS, taxpayers relied solely upon their most recently filed tax returns to inform the IRS that they had moved, without independently drawing the IRS' attention to the information, and it was held that taxpayers must then wait for the IRS to uncover the new address in its normal course of operations. The IRS receives millions of tax returns annually. It would be unreasonable to expect the IRS to notice a new address among these returns before the IRS had processed the information. Since the taxpayer elects to run the risk that the IRS will issue a notice of deficiency before the IRS inputs the new information, the only burden placed on the IRS is to process the returns in a reasonable amount of time. The cases cited by the IRS reach exactly

---

**8.** Several methods exist to convey new address information to IRS agents before the IRS places the information on the main computer. For instance, the IRS could modify the posting code to indicate which local office received the change of address information. An IRS agent spotting the "PN" notification could call this local office for an update. Alternatively, the IRS could designate one office to receive all change of address information from across the country. Once again, any agents spotting the "PN" notification could call this central office for the address. Although the IRS relies on computers to coordinate, store and retrieve the majority of its information, there is no reason why the service could not use alternative temporary measures to convey information about new addresses when taxpayers have responsibly called this information to the agency's attention.

this result. It would be inequitable to adhere to the same minimal standard of diligence for IRS where the taxpayer has borne the extra burden of specifically and timely informing the IRS of an address change.[9]

Because the IRS did not use reasonable diligence to ascertain Ward's last known address, we reverse the Tax Court's decision to dismiss the taxpayer for lack of jurisdiction where the taxpayer failed to satisfy the 90–day deadline for filing his petition. We remand with instructions to dismiss for lack of jurisdiction because the IRS mailed the notice of deficiency to the wrong address. We also remand to reconsider Ward's oral motion for litigation costs under 26 U.S.C. § 7430.

REVERSED and REMANDED.

---

**9.** Our decision does not address the hypothetical posed by the IRS, in which a taxpayer waited until limitations had nearly run on a deficiency claim and then quickly mailed a change of address notice to IRS, hoping to delay its service of a timely deficiency notice. Those facts are not before us and might well require a different result.