Clayton J. POWELL; Darlene W. Powell, Petitioners,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

Clayton J. POWELL; Darlene W. Powell, Plaintiffs–Appellants,

v.

INTERNAL REVENUE SERVICE, Defendant–Appellee.

Nos. 89–1489, 89–1494.

United States Court of Appeals, Fourth Circuit.

Argued April 8, 1991.

Decided March 3, 1992.

**54**

Clayton J. Powell, Jr., Powell and Powell, P.C., Greenbelt, Md., argued (Darlene Wright Powell, on brief), for plaintiffs-appellants.

Gilbert Steven Rothenberg, Tax Div., U.S. Dept. of Justice, Washington, D.C., argued (Shirley D. Peterson, Asst. Atty. Gen., Gary R. Allen, Janet K. Jones, on brief), for defendant-appellee.

Before RUSSELL and WIDENER, Circuit Judges, and WILLIAMS, United States District Judge for the Eastern District of Virginia, sitting by designation.

## OPINION

WIDENER, Circuit Judge:

In these consolidated cases, Clayton J. Powell and Darlene W. Powell appeal from an order of the United States tax court dismissing their petition for lack of jurisdiction and from an order of the United States District Court for the District of Maryland denying their request for injunctive relief. While we remand to dismiss for mootness the case in the district court, we are of opinion that the tax court erred in dismissing the Powells' petition for lack of jurisdiction.

The events leading to the present controversy are traced back to late 1987, when the Powells moved from 10519 Carnation Court, Adelphi, Maryland, to 12051 Hallandale Terrace, Mitchellville, Maryland. The Powells' income tax return for calendar year 1986 contained the Carnation Court address and the Hallandale Terrace address first appeared on their 1987 return. The Internal Revenue Service (IRS) received the Powells' 1987 tax return more than two months early, on February 11, 1988, and posted the enclosed payment to their account.

Eighteen days later, on February 29, 1988, the IRS mailed a notice of deficiency with respect to the Powells' joint tax return for 1984. This notice was sent by certified mail to the Powells' former address at Carnation Court. According to the evidence of the Hyattsville, Maryland Postmaster, the Powells had submitted a change of address order to the Postal Service. Nevertheless, the deficiency notice was, according to the Postmaster, mishandled by the Postal Service, endorsed "unclaimed," and returned to the IRS without being forwarded to the taxpayers. The IRS, in contrast, stated that there was nothing in the Powells' administrative file to indicate that the notice was returned to the IRS.

We especially note that the February 29th notice from the IRS to the Powells was sent by certified mail, and while the Postal Service should have forwarded the notice to the Powells, there is nothing to indicate that the post office made two mistakes and did not return the notice to the IRS. In any event, since we presume, as we must, that public officers have properly discharged their official duties, e.g., *United ed States v. Chemical Foundation*, 272 U.S. 1, 14–15, 47 S.Ct. 1, 6, 71 L.Ed. 131 (1926), it is presumed, as the evidence from the Postmaster would indicate, that the notice was returned to the IRS, which then lost or misplaced it, for on argument in the tax court, the attorney for the Government stated that the notice was not in the Powells' administrative file where it should have been.

On December 26, 1988, the IRS mailed a final notice of its intention to levy unless the Powells paid $6,863.60 within ten days. This notice was sent to the Powells' correct address at Hallandale Terrace and was promptly received. On January 11, 1989, the Powells filed a petition in the United States tax court seeking a redetermination of the alleged deficiency. In response, the Commissioner filed a motion to dismiss, arguing that because the Powells' petition had not been filed within ninety days of the mailing of the original deficiency notice, the tax court had no jurisdiction. After conducting an evidentiary hearing on the

motion, the tax court granted the respondent's motion to dismiss for lack of jurisdiction on the ground that the Powells' petition was untimely filed. This appeal followed.

Under 26 U.S.C. § 6212(b)(1), a notice of deficiency with respect to income tax is deemed "sufficient" if it is mailed to the taxpayer at his "last known address." The taxpayer then has a period of ninety days from the mailing of this deficiency notice in which to file a petition with the tax court seeking a redetermination of the deficiency. 26 U.S.C. § 6213(a). The central issue raised on this appeal is whether the Commissioner's February 29, 1988 mailing was properly directed to the Powells' last known address and thereby triggered the ninety-day period for the filing of a petition in the tax court.

▪ The taxpayer's last known address has been defined as that which "in light of all relevant circumstances, the IRS reasonably may consider to be the address of the taxpayer at the time the notice of deficiency is mailed." *Mulder v. Commissioner*, 855 F.2d 208, 211 (5th Cir.1988). This inquiry "requires an examination of the totality of the circumstances and a balancing of many relevant factual elements, factors which indicate that the inquiry is 'essentially factual.'" *King v. Commissioner*, 857 F.2d 676, 679 (9th Cir.1988). Thus, where a full evidentiary hearing is held, as in the present case, findings largely factual, on the last known address issue should be reviewed under a clearly erroneous standard. *Ward v. Commissioner*, 907 F.2d 517, 521 (5th Cir.1990); *King*, 857 F.2d at 679; *McPartlin v. Commissioner*, 653 F.2d 1185, 1189 (7th Cir.1981).

▪ For many years, the courts construed 26 U.S.C. § 6212(b)(1) as allowing the IRS to consider the address shown on the tax return for the year in question as the taxpayer's last known address. See, e.g., *Luhring v. Glotzbach*, 304 F.2d 556, 559 (4th Cir.1962). While this approach has

been abandoned by many courts, it should be noted that even under the traditional approach, the IRS was not entitled to rely upon the address on the questioned return if "clear and concise" notice was given by the taxpayer of a change in address. *Alta Sierra Vista, Inc. v. Commissioner*, 62 T.C. 367, 374 (1974), aff'd, 538 F.2d 334 (9th Cir.1976). The taxpayer may give such clear and concise notice by filing a subsequent return bearing a new address. *King*, 857 F.2d at 679; *Cyclone Drilling, Inc. v. Kelley*, 769 F.2d 662, 664 (10th Cir.1985). In such a situation, the address on the taxpayer's most recent return is deemed to be his last known address. See *United States v. Zolla*, 724 F.2d 808, 810 (9th Cir.), cert. denied, 469 U.S. 830, 105 S.Ct. 116, 83 L.Ed.2d 59 (1984).

▪ The authorities further require that the Commissioner must use reasonable diligence to ascertain the last known address. *Ward*, 907 F.2d at 521; *McPartlin*, 653 F.2d at 1189; *Mulder*, 855 F.2d at 211; *Alta Sierra Vista, Inc.*, 62 T.C. at 374. In the case before us, despite the fact that the taxpayers had proven by the Postmaster that the notice of deficiency was returned to the IRS, the IRS called not a witness to refute the evidence of the Postmaster but merely relied upon the statement of its attorney that the returned notice of deficiency could not be found in the Powells' administrative file. Almost the same thing happened to the IRS file in *Mulder:* "Moreover, the IRS file does not contain either the original letter or the executed return receipt." 855 F.2d at 211.* The *Mulder* court held that the return of mailings to the IRS was "a fact which weighs heavily in the due diligence equation." 855 F.2d at 211. And because there had been no return of the notice to the IRS in *Mulder* and the return receipt had been lost either by the post office or by the IRS, the court held that due diligence had not been used and there had been no sufficient notice of a deficiency served on the taxpayer.

---

* We note that if the IRS in the case at hand had acknowledged receiving the undelivered notice back from the Postal Service, it would have been proof positive that the same had not been delivered, and so the mailing would have necessarily been insufficient, absent further inquiry on the part of the IRS, which was never made.

*McPartlin* was another case in which the IRS mailed a deficiency notice to a previous address, although it had actual notice by way of later communications that the taxpayers had moved. The notice was sent to the previous address by certified mail with return receipt requested. As in *Mulder* and this case, the key documents in the case were missing from the IRS file. "Petitioners never received the notice mailed April 13, 1978, nor does the Commissioner's file on petitioners contain a return receipt for the notice." *McPartlin*, 653 F.2d at 1188. The court in *McPartlin* held the notice was insufficient for two reasons. First, a lack of due diligence on the part of the Commissioner, and, second, a notice of deficiency not received by the taxpayers due to an error of the Postal Service is insufficient. The court noted that the fact that the Commissioner's file contained no return receipt for the notice fostered a conclusion that fault for failure to receive it was either with the Postal Service or the Commissioner and not, in any event, with the taxpayers. The court held that if the Commissioner had failed to receive a return receipt, that "should have apprised him that delivery to petitioners of the notice of deficiency was never attempted" and also that "if, on the other hand, the return receipt was sent to the Commissioner it should have informed him that petitioners no longer resided at ... [their previous address]." The court held that "[i]n such circumstances notice is also insufficient." 653 F.2d at 1191. The previous and alternate holding was that "[w]hen evidence indicates that a notice of deficiency has not been received by the taxpayers due to error of the Postal Service the notice shall be found insufficient." 653 F.2d at 1191.

In the case before us, the notice was admittedly not delivered to the taxpayers because of an error of the Postal Service. Consistent with *McPartlin*, we hold that that is sufficient proof on the part of the taxpayers and that the notice was insufficient. Also, consistent with *McPartlin* and *Mulder*, we are of opinion and hold that the IRS did not exercise reasonable diligence to ascertain the Powells' last known address. There is no reason to believe that the unde-

livered notice was not returned to the IRS as the Postmaster said it was. His statement to that effect is uncontradicted. That being true, when the IRS received the returned notice, that was proof that the same had not been delivered to the Powells. The IRS cannot rely on the fact that it lost or misplaced the notice for proof of its case against these taxpayers.

In arriving at our conclusion, we have also considered that the record in this case does not disclose whether the notice was sent to the Powells by certified mail with return receipt or without return receipt. If it was sent with return receipt, the same rule applied by the Court in *McPartlin* would apply here, and the absence of it would show non-delivery. If it was sent without a request for return receipt, that would be evidence which would tend to show a lack of due diligence and would be additional evidence to support our conclusion.

The Powells are entirely innocent. When they moved, they filed their change of address forms with the Postal Service and the ultimate non-delivery of the notice to them was either the fault of the Postal Service Department or the IRS, or both. The evidence would indicate it was the fault of both, and we so hold. In these circumstances, we hold the notice was insufficient, although the fault of either department in the circumstances present here would support our holding.

The IRS argues against this conclusion by taking the position that the Carnation Court address to which it mailed the deficiency notice was the only address listed for the Powells on the IRS computer file, and, thus, although the IRS had actual notice of the Powells' change of address in its paper files by virtue of a later filed income tax return, it should not be held to this knowledge because the change of address would not yet show up on its computer. In effect, the IRS states that since the Powells' new address would not show up on its computer until June 6, 1988, some four months after it was received by the IRS, that it should not be held to the change of address on February 29, 1988.

While there may be some justification for this argument, that computers are an accepted way of doing business, there would seem to be as many or more reasons for not accepting it. For example, the IRS is arguing that the computer is a less efficient way of keeping track of addresses than the old way of simply looking in a file. The IRS urges that we accept what it calls a decision in *Ward* that it should have a reasonable time to process change of address notifications. While the court in *Ward* did state that it did "not disagree" with that proposition, it did not hold that it applied in that case, for the holding in *Ward* was that the IRS did have an opportunity to process the change of address so the court did not have to decide the question. In any event, in *Ward,* the taxpayer had written to the IRS on November 6th, notifying him of his new address. That letter was received by the IRS on November 10th; and on November 18th, the IRS wrote a letter to the taxpayer, thanking him for filing his change of address. Nevertheless, on November 20th the IRS mailed a notice of deficiency to the taxpayer at his old address, which was held by the *Ward* court to be insufficient. We do not reach the question here of how much time, if any, the IRS should have to put a change of address on a computer. We do suggest, however, that the *Ward* court would have had to strain a lot to find a sufficient notice when the IRS had acknowledged the change of address in writing. Also, as *McPartlin* rather forcibly points out, if the IRS had simply kept the Powells' file in order and mailed the notice by certified mail, with return receipt requested, it would have had no trouble in finding the Powells' address.

The tax court did not give any effect to the uncontradicted evidence of the Postmaster that the undelivered notice had been returned to the IRS. The tax court also did not consider the question of the due diligence required of the IRS. For these reasons, its decision that the deficiency notice mailed to the Powells on February 29, 1988 was sufficient within the meaning of section 6212(b)(1) is clearly erroneous. We are of opinion that it was not sufficient, and we so hold for the reasons stated above.

We further find that the Powells' petition for redetermination was timely filed before the tax court. When notice of a deficiency is not sent to a taxpayer's last known address, subsequent actual notice of the deficiency will commence the running of the ninety-day period. *McPartlin,* 653 F.2d at 1192; *Crum v. Commissioner,* 635 F.2d 895, 901 (D.C.Cir.1980). In this case, the Powells received actual notice no earlier than December 1988 when they received the final notice of the IRS's intention to levy. Their petition was filed on January 11, 1989, well within the ninety-day period.

The Powells also contend that the three-year statute of limitations found in 26 U.S.C. § 6501(a) bars future action against them concerning their 1984 tax return. The order of the tax court understandably did not reach this question because of its conclusion that it was without jurisdiction to consider the petition. We believe that a determination concerning the application of the statute of limitations to the facts of this case should be made in the first instance by the tax court, and we do not reach that question.

We accordingly reverse the order of the tax court granting the Commissioner's motion to dismiss and remand the case to the tax court for additional proceedings consistent with this opinion.

Finally, the Powells argue that the district court abused its discretion in refusing to grant their request for injunctive relief pursuant to 26 U.S.C. § 6213(a). The record reveals that the district court never considered on its merits the request for injunctive relief; rather, it declined to hear the same. While we might arguably consider such a refusal as a denial of injunctive relief, we think that is not necessary, for in this case, there has literally been neither a granting nor a denial of injunctive relief. In any event, because of the relief we have granted in the appeal from the judgment of the tax court, it is apparent that the suit in the district court requesting an injunction is moot. Accordingly, that

case will be remanded for dismissal as moot.

Case No. 89–1489 is

**REVERSED AND REMANDED WITH INSTRUCTIONS.**

Case No. 89–1494 is remanded to the district court for dismissal as moot.

**REMANDED WITH INSTRUCTIONS.**