**Larry C. WELDON, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 2:95–CV–59–BO(2).**

United States District Court,
E.D. North Carolina,
Northern Division.

Jan. 24, 1997.

Larry C. Weldon, Kitty Hawk, NC, pro se.

Lawrence P. Blaskopf, U.S. Dept. of Justice, Trial Atty., Tax Div., Washington, DC, for U.S.

## *ORDER*

TERRENCE WILLIAM BOYLE, District Judge.

This matter is before the undersigned on recommendation of a United States Magis-

trate Judge that summary judgment be allowed to the Defendant. The magistrate judge has also recommended that the Defendant's motion to amend be allowed and that Plaintiff's motion for summary judgment be denied. The Plaintiff has received notice of this and objects to the magistrate judge's recommendation. The court has reviewed the objections and the record de novo.

After reviewing the record and making an independent determination of the facts, the court finds that the magistrate judge's recommendation is correct and that the Internal Revenue Service (IRS) was entitled to use the address used as the Plaintiff's last known address for notice purposes.

## BACKGROUND

Plaintiff filed his complaint on September 27, 1995, as a quiet title action against the United States resulting from tax assessments and subsequent filing of notices of liens. Plaintiff owes taxes for tax years 1982, 1983, 1984, 1986, 1987, 1989, and 1990. Defendant filed federal tax liens against Plaintiff's real property in Camden and Dare Counties within this judicial district, and his real property located in the city of Virginia Beach, Virginia.

## DISCUSSION

■ Plaintiff claims that the liens are invalid and defective because Defendant failed to mail notices of tax deficiency to what Plaintiff claims was his "last known address"; and that Plaintiff was thereby deprived of notice and demand for payment of taxes. Plaintiff claims that his correct "last known address" was Post Office Box 117, Kitty Hawk, North Carolina 27949 (Post Office Box 117) and that Defendant was notified of this by telephone sometime around October 5, 1987. Defendant sent the notices and de-

mands in question to Post Office Box 1464, Kill Devil Hills, North Carolina 27948 (Post Office Box 1464) which had previously been Plaintiff's address. Plaintiff therefore argues that notices and demands sent by Defendant subsequent to October 5, 1987 should not have been sent to his old address because his correct "last known address" was Post Office Box 117.

■ Plaintiff's argument is undercut by the fact that he continued to use the Post Office Box 1464 address on his tax returns after October 5, 1987.[1] The well established rule is that the IRS is entitled to treat the address appearing on a taxpayer's return as the last known in the absence of clear and concise notification from the taxpayer of a new address. *Powell v. C.I.R.,* 958 F.2d 53, 55 (4th Cir.1992); *Pomeroy v. United States,* 864 F.2d 1191, 1194 (5th Cir.1989); *United States v. Zolla,* 724 F.2d 808, 810 (9th Cir.), *cert. denied,* 469 U.S. 830, 105 S.Ct. 116, 83 L.Ed.2d 59 (1984). Therefore, since Plaintiff continued to use the Post Office Box 1464 address on his returns after the October 5, 1987 telephone call to the IRS, such notification as was given on October 5, 1987 was countermanded by Plaintiff's subsequent return. In other words, Plaintiff's 1986 tax year return filed October 15, 1987, which utilized the Post office Box 1464 address, entitled the IRS to use that address to mail notices of tax deficiency to Plaintiff.

In conclusion, Plaintiff's Motion for Summary Judgment is DENIED and Defendant's Motion for Summary Judgment is GRANTED.

Defendant's Motion to Amend is not contested by Plaintiff and is supported by well-grounded fact and law. Accordingly, Defendant's Motion to Amend is GRANTED.

SO ORDERED.

---

**1.** Plaintiff first informed the IRS of the Post Office Box 1464 address when he filed his 1980 and 1981 tax returns in December 1982. Thereafter, Plaintiff filed returns using the Post Office Box 1464 address on the following dates: 1982 tax year return filed April 15, 1983; 1983 tax year return filed October 22, 1984; 1984 tax year return filed October 15, 1985; 1985 tax year return filed October 20, 1986; 1986 tax year return filed October 15, 1987; 1987 tax year return filed October 17, 1988; 1988 tax year return filed October 15, 1989; 1989 tax year return filed September 12, 1991; and 1990 tax year return filed September 12, 1991.