T.C. Memo. 1997-144

UNITED STATES TAX COURT

JACK ALBAN KOERNER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8635-96.                  Filed March 19, 1997.

Jack Alban Koerner, pro se.

<u>Ruth Perez</u>, for respondent.

MEMORANDUM OPINION

DAWSON, <u>Judge</u>:  This case was assigned to Chief Special
Trial Judge Peter J. Panuthos pursuant to the provisions of
section 7443A(b)(4) and Rules 180, 181, and 183.[1]  The Court

---

[1]  All section references are to the Internal Revenue Code
(continued...)

agrees with and adopts the opinion of the Special Trial Judge, which is set forth below.

OPINION OF THE SPECIAL TRIAL JUDGE

PANUTHOS, Chief Special Trial Judge: This matter is before the Court on respondent's Motion to Dismiss for Lack of Jurisdiction and petitioner's Motion To Restrain Assessment and Collection. The primary issue for decision is whether the Court has jurisdiction over the petition filed in this case.

Background

Petitioner did not file tax returns for the taxable years 1987 through 1993. However, during the period 1989 through 1995, petitioner sent a substantial amount of correspondence to various Internal Revenue Service (IRS) offices concerning his tax liabilities for 1987 and subsequent years. Through mid-1995, petitioner consistently listed his address on this correspondence as 6627 Christy Acres Circle, Mt. Airy, Maryland (the Mt. Airy address).

On November 1, 1993, respondent mailed a notice of deficiency to petitioner determining a deficiency in his Federal income tax for 1990 in the amount of $8,481 and additions to tax under sections 6651(a) and 6654(a) in the amounts of $2,120.25

---

(...continued)
in effect for the years in issue, unless otherwise indicated. All Rule references are to the Tax Court Rules of Practice and Procedure.

and $557.90, respectively. The notice of deficiency was addressed to petitioner at the Mt. Airy address.

Petitioner was evicted from the Mt. Airy address in May 1995. Petitioner notified the Commissioner of his eviction by letter dated May 12, 1995, but did not provide the Commissioner with a new address until July 1995. Petitioner's 1994 tax return, filed on or about January 31, 1996, lists his address as the Mt. Airy address.

On March 4, 1996, respondent sent a letter to petitioner stating that a change was made to petitioner's account for the taxable year 1993 to reflect tax, penalties, and interest owing in the amount of $21,614.43.

On May 6, 1996, petitioner filed a petition for redetermination with the Court listing the years in dispute as 1987 through 1994. The petition arrived at the Court in an envelope bearing a U.S. Postal Service postmark date of May 3, 1996. Attached to the petition is a copy of respondent's March 4, 1996, letter described above. At the time the petition was filed, petitioner resided in Silver Spring, Maryland.

In response to the petition, respondent filed a Motion to Dismiss for Lack of Jurisdiction asserting: (1) The Court lacks jurisdiction with respect to the taxable years 1987, 1988, 1989, and 1994 on the ground that respondent did not issue a notice of deficiency to petitioner for those years; and (2) the Court lacks

jurisdiction with respect to the taxable years 1990 through 1993 on the ground that the petition was not filed within the 90-day period prescribed in section 6213(a). Respondent's motion includes an allegation that she issued a single notice of deficiency to petitioner covering the taxable years 1991, 1992, and 1993, on August 24, 1995, addressed to petitioner at the Mt. Airy address.

Petitioner filed an objection to respondent's motion to dismiss asserting that the notices of deficiency in dispute were not mailed to his last known address.

On November 7, 1996, respondent mailed a notice of intent to levy to petitioner demanding payment of taxes for the taxable years 1990, 1991, 1992, and 1993. On November 21, 1996, petitioner filed a Motion To Restrain Assessment and Collection with respect to the above-described notice of intent to levy.

This matter was called for hearing in Washington, D.C. Both parties appeared at the hearing and presented argument respecting the pending motions. During the course of the hearing, counsel for respondent submitted to the Court a copy of the notice of deficiency for 1990. Although respondent produced a U.S. Postal Service Form 3877 which states that a notice of deficiency covering the taxable years 1991, 1992, and 1993 was mailed to petitioner at the Mt. Airy address on August 24, 1995, respondent was unable to provide the Court with a copy of the notice of

deficiency.  Petitioner denies receiving any notices of deficiency.

Following the hearing, respondent was provided a further opportunity to produce a copy of the notice of deficiency for the years 1991, 1992, and 1993, and/or any other evidence relevant to the existence and disposition of the notice.  In a status report, respondent stated that she has searched her records and is unable to locate a copy of the notice of deficiency in question.  In addition, respondent reported that the U.S. Postal Service was unable to locate its records respecting certified mail or copies of receipts for the period in question.

There is nothing in this record which reflects the amounts of the deficiencies that were determined for 1991, 1992, and 1993 and no historical analysis of the examination.  Respondent did not present a witness in an attempt to analyze the transcript of account and documents that were available or otherwise provide testimony as to the procedures taken in the preparation and issuance of a notice of deficiency for 1991 through 1993.

Discussion

This Court's jurisdiction to redetermine a deficiency depends upon the issuance of a valid notice of deficiency and a timely filed petition.  Rule 13(a), (c); Monge v. Commissioner, 93 T.C. 22, 27 (1989); Normac, Inc. v. Commissioner, 90 T.C. 142, 147 (1988).  Section 6212(a) expressly authorizes the

Commissioner, after determining a deficiency, to send a notice of deficiency to the taxpayer by certified or registered mail. It is sufficient for jurisdictional purposes if the Commissioner mails the notice of deficiency to the taxpayer's "last known address". Sec. 6212(b); Frieling v. Commissioner, 81 T.C. 42, 52 (1983). If a deficiency notice is mailed to the taxpayer's last known address, actual receipt of the notice is immaterial. King v. Commissioner, 857 F.2d 676, 679 (9th Cir. 1988), affg. 88 T.C. 1042 (1987); Yusko v. Commissioner, 89 T.C. 806, 810 (1987); Frieling v. Commissioner, supra at 52. The taxpayer, in turn, has 90 days (or 150 days if the notice is addressed to a person outside of the United States) from the date the notice of deficiency is mailed to file a petition in this Court for a redetermination of the deficiency. Sec. 6213(a). In Pietanza v. Commissioner, 92 T.C. 729 (1989), affd. without published opinion 935 F.2d 1282 (3d Cir. 1991), we held that the Commissioner bears the burden of proving the existence of a notice of deficiency, and that a U.S. Postal Service Form 3877, standing alone, was not sufficient in the circumstances of that case to prove that a notice of deficiency was mailed to the taxpayers.

Taxable Years 1987, 1988, 1989, and 1994

Respondent asserts that she did not mail a notice of deficiency to petitioner for the taxable years 1987, 1988, 1989, or 1994. Petitioner did not offer any evidence to the contrary,

and we have no reason to believe that a notice of deficiency was issued for these years.  Consequently, we will dismiss this case for lack of jurisdiction with respect to the taxable years 1987, 1988, 1989, and 1994, on the ground that respondent did not issue a notice of deficiency to petitioner for those years.

Taxable Years 1991, 1992, and 1993

Respondent asserts that she mailed a notice of deficiency to petitioner for the taxable years 1991, 1992, and 1993 on August 24, 1995, and that we lack jurisdiction over those years on the ground that petitioner failed to file a timely petition for redetermination.  Petitioner contends that a notice was not mailed to his last known address, and that he never received the notice.  Respondent has the burden of establishing both the existence of a notice of deficiency as well as the date of mailing.  Pietanza v. Commissioner, supra at 736.

Consistent with Pietanza v. Commissioner, supra, we conclude that the U.S. Postal Service Form 3877 offered by respondent is insufficient, standing alone, to establish that respondent mailed the notice of deficiency in question to petitioner.  Not only is the notice of deficiency missing in this case, but respondent was unable to provide the Court with any other Postal Service records, such as Postal Service Form 3849, showing the delivery or attempted delivery of the articles listed in respondent's

Postal Service Form 3877.[2]  Nor did respondent provide the Court
with evidence that normal office procedures were followed when
the notice of deficiency purportedly was prepared and mailed.

We are aware, from the many cases we have considered
relating to the preparation and mailing of notices of deficiency,
that the IRS has certain internal controls and procedures in the
mailing of a notice of deficiency.  We have no information that
any of the controls or procedures for preparation or the mailing
of a notice of deficiency were followed in this case.  The record
contains numerous letters from petitioner in response to the IRS
referring to the years raised in the petition.  However, there is
no correspondence from petitioner referring to a notice of
deficiency dated August 24, 1995.  Thus, there is nothing in this
case, apart from the Form 3877 itself, to support a presumption
of regularity by the IRS.  Pietanza v. Commissioner, 92 T.C. at
739; cf. United States v. Ahrens, 530 F.2d 781, 785 (8th Cir.
1976).

In sum, respondent failed to prove that she issued a notice
of deficiency to petitioner respecting the taxable years 1991,
1992, and 1993.  Accordingly, we will dismiss this case for lack

---

[2]  This case is appealable to the Court of Appeals for the
Fourth Circuit.  See Powell v. Commissioner, 958 F.2d 53, 56-57
(4th Cir. 1992), revg. and remanding an unpublished order of this
Court, where a notice of deficiency, which was not sent to the
taxpayers' last known address, was returned by the Postal Service
but could not be found in the IRS administrative file.

of jurisdiction as to the taxable years 1991, 1992, and 1993 on the ground that respondent did not mail a notice of deficiency to petitioner for those years.

Taxable Year 1990

There is no dispute that respondent mailed a notice of deficiency to petitioner for the taxable year 1990 on November 1, 1993. Further, it is evident that the petition was not filed within 90 days of the date of mailing of the notice of deficiency. Although we lack jurisdiction with respect to the 1990 tax year, we must decide whether to dismiss based upon an untimely petition or for the lack of a valid notice of deficiency. In this regard, we must consider petitioner's contention that jurisdiction is lacking due to respondent's failure to mail the notice of deficiency to his last known address. See Pietanza v. Commissioner, supra at 736.

Although the phrase "last known address" is not defined in the Internal Revenue Code or in the regulations, we have held that a taxpayer's last known address is the address shown on the taxpayer's most recently filed return, absent clear and concise notice of a change of address. Abeles v. Commissioner, 91 T.C. 1019, 1035 (1988). The burden of proving that a notice of deficiency was not sent to the taxpayer at his or her last known address is on the taxpayer. Yusko v. Commissioner, 89 T.C. at 808.

The record indicates that petitioner did not file tax returns for the years 1987 through 1993. However, during the period 1989 through 1995, petitioner sent a substantial amount of correspondence to various IRS offices listing his address as the Mt. Airy address. The record indicates that petitioner did not provide respondent with an address other than the Mt. Airy address until July 1995. Considering all of the circumstances, we are satisfied that the Mt. Airy address constituted petitioner's last known address on November 1, 1993--the date respondent mailed the notice of deficiency for 1990. Consequently, we will dismiss this case for lack of jurisdiction as to the taxable year 1990 on the ground that petitioner failed to file his petition within the 90-day time period prescribed in section 6213(a).[3]

---

[3] Although petitioner cannot pursue his case respecting his 1990 tax liability in this Court, he is not without a remedy. In short, petitioner may pay the tax, file a claim for refund with the IRS, and if the claim is denied, sue for a refund in the Federal District Court or the U.S. Court of Federal Claims. See McCormick v. Commissioner, 55 T.C. 138, 142 (1970).

Petitioner's Motion To Restrain Assessment and Collection

As a final matter, we turn to petitioner's Motion To Restrain Assessment and Collection.  Section 6213(a) provides that the Tax Court may enjoin the Commissioner's collection efforts if the Commissioner is attempting to collect amounts that have been placed in dispute in a timely filed petition for redetermination.  Powerstein v. Commissioner, 99 T.C. 466, 471-472 (1992); Powell v. Commissioner, 96 T.C. 707, 711 (1991).  The record reflects that the amounts that respondent is attempting to collect relate to petitioner's tax liability for 1990, 1991, 1992, and 1993.  As a consequence of our holding that we lack jurisdiction over the taxable years 1990, 1991, 1992, and 1993 in this proceeding, it follows that we have no authority to enjoin respondent's collection efforts.  Powell v. Commissioner, supra.  Accordingly, we will deny petitioner's Motion To Restrain Assessment and Collection.

To reflect the foregoing,

An order will be entered dismissing this case for lack of jurisdiction and denying petitioner's Motion To Restrain Assessment and Collection.