Elba MATOS; Elba Margarita Matos–Millan; Kevin Melendez and the conjugal partnership constituted between them; Sandra Giselle Matos–Millan; Harry Gonzalez and the conjugal partnership constituted between them Plaintiffs

v.

UNITED STATES of America
Defendant

No. CIV. 04–1657CCC.

United States District Court,
D. Puerto Rico.

May 2, 2005.

---

Giselle Colón, Esq., San Juan, Pr, for Plaintiffs.

Isabel Muñoz–Acosta, Assistant U.S. Attorney, Guaynabo, PR, for Defendant.

### ORDER

CEREZO, District Judge.

This is an action brought pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b), § 2671–2680. The suit alleges medical malpractice by the Roosevelt Roads Naval Hospital in its treatment of Jorge Matos–Díaz, beginning on November 7, 2001 and which, it is alleged, was the cause of his death the following day. The case is now before us on defendant's Motion to Dismiss (**docket entry 6**) filed October 12, 2004, alleging that the action is time-barred. Plaintiffs, who are the decedent's widow, his children and their spouses, opposed the motion (**docket entries 12 and 13**). The defendant's Motion in Compliance with Court Order and attachments (**docket entry 15**) and plaintiffs Response to Motion in Compliance (**docket entry 16**) are related filings which are **Noted**, and which were considered in deciding the dismissal motion.

The facts of the case relevant to the motions before us are as follows:

Following Matos–Díaz' death at the Roosevelt Roads Naval Hospital, his widow Elba Matos filed the required administrative claim alleging medical malpractice with the Navy claims office in a letter dated March 7, 2002. The Navy claims office acknowledged receipt of her claim in a letter dated March 18, 2002, and requested more information necessary to adjudicate the claim. This reply letter of March 18, 2002 was sent to claimant Elba Matos by certified mail, return receipt requested, to her post office box in Ceiba, Puerto Rico.

On September 12, 2002, all of the plaintiffs except for their conjugal partnership, represented by Andrés Guillemard of the law firm Nachman & Guillemard, filed the prerequisite administrative claims with the Navy, mentioning the fact that Elba Matos had already filed a claim, and including that claim number. The covering letter appears on stationary with the firm's letterhead containing a post office box address centered directly under the firm's name. In the right hand corner slightly below is a business address and telephone numbers.

In December, 2002, three months after filing the claims, the law firm relocated its offices to a nearby site. The Navy was not notified of this change of its physical address although the declaration under penalty of perjury of Giselle Colón, a member of the firm, states that notice of the change was sent to the United States Postal Service with a request that all mail be forwarded to the new physical address (Exhibit 6, docket entry 13). On March 27, 2003, the Navy denied the claims, stating

that the deceased had arrived at the hospital "in the terminal phase of an advanced and very severe illness and that his death was the result of the progression of that illness." The letter informing them of the denial was sent by certified mail to the law firm's physical address, as shown on the September 12, 2002 letter. It is undisputed that the March 27, 2003 denial letter was never received by claimants or their counsel. Plaintiffs allege that the Navy made no efforts to notify the denial of their claims to the plaintiffs directly or to the firm's mailing address which had remained unchanged and was known to the agency.

On April 19, 2004 attorney Colón sent some documents and a cover letter expressing interest in knowing their decision whether the claim could be settled without the need to file a judicial complaint. This letter was addressed to the two individuals handling the claims for the Navy: Mr. Kyle Guess of the Naval Legal Services Office and Hon. Pat Neher, a Deputy Assistant Judge Advocate. A June 9, 2004 letter from attorney Colón to Mr. Guess states that he informed her by phone on such date that a denial letter had been sent in March 2003 to the firm's former physical address by certified mail return receipt requested and that he acknowledged at the time that the Domestic Return Receipt was not signed (Exhibit 8, docket entry 13). The complaint was filed 21 days after the June 9, 2004 conversation, that is, on June 30, 2004.

It is the government's position that the complaint is time-barred, inasmuch as it was filed more than a year after the denial letter was mailed. They contend that the plaintiffs were not diligent in preserving their rights and that the conjugal partnerships failed to exhaust their administrative remedies. With regard to the time for commencing an action under the FTCA, 28 U.S.C. § 2401(b) provides:

> A tort claim against the United States shall be forever barred ... unless [the court] action is begun *within six months after the date of mailing, by certified or registered mail,* of notice of the final denial of the claim by the agency to which it was presented.

(Our emphasis.)

Plaintiffs contend (1) that it is undisputed that the attorney never received the letter; (2) that the Navy failed to send the letter to the post office box address on the letterhead, which remained the same although the physical office address had changed; and (3) that the Navy made no effort to notify the individual plaintiffs of the denial directly or verify the attorney's correct address to resend the letter. They contend that "it was impossible for plaintiffs to begin their judicial action within six months of the mailing of the denial letter because plaintiffs never knew about the existence of said letter until about June 9, 2004."

While the law presumes delivery of a properly addressed piece of mail, no such presumption exists for certified mail where the return receipt is not received by the sender. *Mulder v. Commissioner,* 855 F.2d 208, 212 (5th Cir., 1988). The reason is that the sender of the certified letter who does not receive the return receipt is on notice that the addressee may not have received the letter. *Moya v. United States,* 35 F.3d 501, 503 (10th Cir.1994). It is then incumbent upon the sender either to inquire with the addressee or send the letter again. *Id.*

In *Powell v. Commissioner of Internal Revenue,* 958 F.2d 53 (4th Cir.1992), the Commissioner (Commissioner or IRS) sent a tax deficiency notice by certified mail for the year 1984 to Powell at the address on that year's tax return, notwithstanding

that he had moved and had filed his 1986 tax return with the new address before the deficiency notice was mailed. The Postal Service failed to forward the notice to the new address and either did not return it to the IRS or the notice was returned to the IRS which then lost or misplaced it. *Id.,* at 54. Powell never responded to the notice, and, when finally notified in 1988, at the correct address, of the IRS's intention to levy the tax against him if he did not pay the deficiency within ten days, Powell filed a petition with the tax court seeking a redetermination of the deficiency. The Commissioner filed a motion to dismiss the petition for lack of jurisdiction because Powell had not filed it within the term allowed-ninety days after the notice of deficiency was mailed. The tax court dismissed the action for the reason raised by the IRS. Powell appealed the decision.

As cited in *Powell,* the statute governing the notice of the tax deficiency, 26 U.S.C. § 6212(b)(1) provides that a notice of deficiency... is deemed "sufficient" if it is *mailed* to the taxpayer at his "last known address." As in this case, the statute begins the countdown on the limitations period when the notice "mailed." The Circuit Court, however, stated that

the notice was insufficient for two reasons. First, a lack of due diligence on the part of the Commissioner [to ascertain the last known address,] and, second, a notice of deficiency not received by the taxpayers due to an error of the Postal service is insufficient ... fact that the Commissioner's file contained no return receipt for the notice fostered a conclusion that the fault for failure to receive it was either with the Postal Service or the Commissioner and not, in any event, with the taxpayers.

(Citations omitted.)

■ The case before us is even more compelling. The attorney's letterhead contained two addresses as well as telephone numbers. The agency chose to send its denial letter to the physical, rather than the mailing address. When no card confirming delivery to the physical address was received, defendant should have immediately sent a second notice to the mailing address it had for plaintiffs' counsel or, at the least, called counsel to inquire on the matter. Had it sent the denial letter to the mailing address, we would not be discussing this issue today. Although the March 9, 2005 declaration of Kyle Guess states that the agency has no record or other evidence of the denial letter being received or returned to the Naval Legal Service Office, confirmation of the return of the certified notice to said office was found on the Postal Service website, as informed by the United States Attorney's Office of this District to the Navy. (See, Par. 10 of amended declaration of K. Guess, Exhibit V of docket entry 15). The "Track & Confirm" report on the Postal Service website on the current status of the item corresponding to the certified mailing receipt for the denial notice states:

Your item was delivered on April 11, 2003 at 10:44am in NORFOLK, VA 25311. The item was signed for by E. BANKS. Additional information for this item is stored in offline files. A proof of delivery record may be available through your local Post Office for a fee.

(Exhibit 9, docket entry 13.) The Norfolk VA ZIP code corresponds to that of the Naval Legal Service Office.

The Navy cannot rely on the fact that it lost or misplaced the returned notice to support its claim that the notice was "mailed" as evidenced by the receipt of mailing. Evidence that the certified letter was actually returned to them demonstrates that the initial "mailing" was insuf-

**40**

ficient and defective. Ultimately, however, the defendant's claim of notice fails. Whether the letter was received by it undelivered, as the delivery Information the Postal Service website reflects, or, whether it was not, for in the last situation the absence of the receipt form should have alerted it to the fact that redelivery to the second address on the record was required.

This is not a case of lack of diligence on the part of plaintiffs. Rather, what the Court has before it are clear circumstances of a defective notice. Defendants had the duty to resend the denial letter. They certainly had available the necessary information to ensure that delivery by certified mail be achieved by sending the denial to the mailing address of claimants' legal representative which remained unchanged and was in their record since September 16, 2002, the date on which it received the plaintiffs' claims and the attorney's cover letter. Also in their file was claimant's own mailing address to which they had sent correspondence before by certified mail, as well as the individual claim forms, which contained, in item 2, the address of that particular claimant. Exhibit IV, (a) through (k), docket entry 6. Because no administrative claims were filed on behalf of the conjugal partnerships, they have not exhausted their administrative remedies.

For the above-stated reasons, we find that defendant did not comply with the terms of 28 U.S.C. § 2401(b). Defendant's Motion to Dismiss (**docket entry 6**) is therefore DENIED, as to the individual plaintiffs and GRANTED as to the conjugal partnerships which failed to file administrative claims.

SO ORDERED.