[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-15020
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 14, 2011
JOHN LEY
CLERK

D.C. Docket No. 6:09-cv-00276-GJK

ALICIA MARIE RAMOS,
As Personal Representative of the
Estate of James J. Ramos,

Plaintiff - Appellant,

versus

UNITED STATES DEPARTMENT OF HEALTH
AND HUMAN SERVICES,
The United States Department of Health
and Human Services,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 14, 2011)

Before BARKETT, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Plaintiff-appellant Alicia Ramos (Ramos) filed a Federal Tort Claim Act (FTCA) complaint against the United States Department of Health and Human Services (DHHS) on February 11, 2009, seeking compensation for the medical negligence and wrongful death of her father James Ramos (James). The district court dismissed the complaint for lack of subject-matter jurisdiction, finding that Ramos had failed to present the tort claim to DHHS within two years of the date on which the cause of action accrued. The court further concluded that Ramos was not entitled to equitable tolling because the defendant did nothing to deliberately conceal information and Ramos's counsel failed to act with due diligence in pursuing the claim. Ramos now appeals.

I. Background

James Ramos had a history of deep vein thrombosis, supraventricular tachycardia, and pulmonary embolism. In early December 2004, he was treated at the Pine Hills Family Health Center for leg pain. He returned on December 29, 2004 complaining of difficulty breathing. James died on December 31, 2004. The medical examiner conducted an autopsy on January 10, 2005 and concluded that James had died of a massive pulmonary embolism. As the parties stipulate, Ramos

2

learned at that time that she had a potential cause of action against Pine Hills and she requested copies of his medical records from Pine Hills by letter and in person on several occasions up to and including December 2005. Despite her requests, Pine Hills turned over only six pages of James's medical records. The entire record, however, consisted of seventy-seven pages.

On November 6, 2006, Ramos filed for a ninety-day extension of the Florida Statute of Limitations under Fla. Stat. § 766.104(2). On March 31, 2007, Ramos sent Pine Hills a letter of her intent to file suit for medical malpractice and wrongful death. A few days later, on April 4, Pine Hills notified Ramos that it was covered by the FTCA, 28 U.S.C. § 1346. Ramos then filed an administrative claim with DHHS on August 2, 2007. DHHS denied the claim as time-barred under 28 U.S.C. § 2401(b) and informed Ramos that she could seek reconsideration with the agency or file suit in district court within six months. After Ramos requested and was denied reconsideration on August 11, 2008, she filed the instant complaint on February 11, 2009.

DHHS moved to dismiss the complaint for lack of subject-matter jurisdiction because the complaint was barred by the two-year statute of limitations under § 2401(b). According to DHHS, the claim arose on January 10, 2005 because on this date Ramos was aware that she had a potential cause of

action against Pine Hills. Because Ramos failed to present her administrative claim to DHHS within two years of that date, DHHS argued that the complaint was untimely.

Although Ramos conceded that she was aware that she had a cause of action as early as January 2005, she argued that she did not know that the government was the proper defendant until April 4, 2007 when she learned Pine Hills was federally funded. Thus, Ramos argued that her claim did not accrue until that date. Alternatively, Ramos argued that the court should consider equitable tolling of the limitations period because she had diligently pursued her claim.

After conducting an evidentiary hearing on the statute of limitations and equitable tolling, the district court concluded that complaint was untimely because the limitations period commenced on January 10, 2005 when Ramos knew of both James's death and its cause. The court then considered equitable tolling and found that Ramos had not shown that Pine Hills fraudulently concealed its federal funding or that she acted with due diligence in pursuing her claims. The court also rejected Ramos's claim that the ninety-day extension of the limitations period under state law rendered her complaint timely. Accordingly, the court dismissed the complaint as untimely. This is Ramos's appeal.

II. Standard of Review

We review *de novo* a dismissal for lack of subject-matter jurisdiction. *Broward Gardens Tenants Ass'n v. EPA*, 311 F.3d 1066, 1072 (11th Cir. 2002). "We review *de novo* the district court's interpretation and application of the statute of limitations." *Baker v. Birmingham Bd. of Educ.*, 531 F.3d 1336, 1337 (11th Cir. 2008) (citation and internal quotation marks omitted). We also review a district court's legal decision on equitable tolling *de novo*. *Helton v. Sec'y for Dep't of Corr.*, 259 F.3d 1310, 1312 (11th Cir. 2001). The district court's determinations of the relevant facts will be reversed only if clearly erroneous. *Dorsey v. Chapman*, 262 F.3d 1181, 1185 (11th Cir. 2001).

III. Discussion

The FTCA is a limited waiver of sovereign immunity. We narrowly construe that waiver and are careful not to expand it. *Turner ex rel. Turner v. United States*, 514 F.3d 1194, 1200 (11th Cir. 2008). Plaintiffs may file a claim under the Act where "the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act of omission occurred." 28 U.S.C. § 1346(b)(1). Under the FTCA, "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues . . . ." 28 U.S.C. § 2401(b). Additionally, to be timely, the lawsuit must be filed within six months of receipt of

5

the agency's final decision. *Phillips v. United States*, 260 F.3d 1316, 1317 (11th Cir. 2001).

Ramos argues that the district court erred by dismissing her complaint as time-barred because (a) the court should have considered a December 2005 letter to Pine Hills sufficient notice of her intent to sue thus triggering a duty to Pine Hills to notify her of its federal status; (b) the court erroneously found that the claim accrued on January 10, 2005, as she was unaware of the government's involvement at that time; (c) the court should have applied equitable tolling, as Pine Hills withheld records that would have identified it as a federally-funded clinic and she acted with due diligence to pursue her claims; and (d) the court should have tolled the limitations period based on the ninety-day extension requested under Florida law.

A. Statute of Limitations under the FTCA

In *United States v. Kubrick*, 444 U.S. 111 (1979), the Supreme Court held that a medical malpractice claim accrues "when the plaintiff knows both the existence and the cause of his injury," even if he does not yet know that "the acts inflicting the injury may constitute medical malpractice." *Id.* at 113, 122. "[A] medical malpractice claim under the FTCA accrues when the plaintiff is, or in the exercise of reasonable diligence should be, aware of both [his] injury and its

6

connection with some act of the defendant." *McCullough v. United States*, 607 F.3d 1355, 1359 (11th Cir. 2010) (quoting *Price v. United States*, 775 F.2d 1491, 1494 (11th Cir. 1985)). This principle has been extended to wrongful death claims under the FTCA, and such a claim accrues "when the plaintiff knows, or exercising reasonable diligence should know, both of the decedent's death and its causal connection with the government." *Diaz v. United States*, 165 F.3d 1337, 1340 (11th Cir. 1999). By "causal connection with the government," we do not mean that the limitations period does not accrue until the plaintiff is aware of the government's role; "the statute of limitations under the FTCA does not wait until a plaintiff is aware that an alleged tort-feasor is a federal employee." *Garza v. U.S. Bureau of Prisons*, 284 F.3d 930, 936 (8th Cir. 2002) (quoting *Gould v. United States Dep't of Health & Human Servs.*, 905 F.2d 738, 745 (4th Cir. 1990)).

Here, Ramos admitted that she was aware of James's death and its cause on January 10, 2005. She argues, however, that the cause of action did not accrue until she learned of the government's role in April 2007. We disagree.

Under our caselaw, Ramos's knowledge of her father's death and the cause of his death was sufficient to trigger the statute of limitations clock. That Ramos did not learn until later that the government was the proper defendant does not alter this analysis. *see Garza*, 284 F.3d at 936. Accordingly, because Ramos did

7

not file her administrative claim within two years of January 10, 2005, the district court properly concluded that the claim was untimely. The question then remains whether the limitations period should equitably toll.

### B. Equitable Tolling

The general rule is that statutes of limitations are subject to equitable tolling. *See United States v. Locke*, 471 U.S. 84, 94 n.10 (1985). But we have never decided whether the rule extends to claims under the FTCA and we need not do so in this case because even if we assume it applies, Ramos is not entitled to relief.

Equitable tolling is a form of extraordinary relief that courts have extended "only sparingly." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). Equitable tolling is appropriate only when a movant untimely files because of extraordinary circumstances that are both beyond her control and unavoidable even with diligence. *Arce v. Garcia*, 434 F.3d 1254, 1261 (11th Cir. 2006).

At the evidentiary hearing, Ramos's counsel conceded that there was a government website listing federally funded clinics, that Pine Hills was listed on the site, and that he had been unaware of and had not checked the website. Ramos's counsel further admitted that Pine Hills's own website identified it as a

recipient of federal funds but that he did not consult the website until August 2007.

Ramos nevertheless argues that Pine Hills bore the burden of notifying her that the government was the proper defendant and that it should have done so when counsel sent Pine Hills a letter in December 2005 requesting medical records. We disagree. Although Ramos contends that Pine Hills should have advised her that it was federally funded when she sent the December 2005 letter seeking her records, Pine Hills had no such obligation. Nothing in that letter indicated notice of intent to file suit; as soon as counsel sent the notice of intent to sue in March 2007, Pine Hills immediately notified counsel that the clinic was federally funded. Moreover, as counsel conceded, Pine Hills own website indicated it was federally funded and the government's website listed Pine Hills as one of its clinics. Counsel simply failed to diligently research the clinic. He cannot now shift the blame to the government by seeking equitable tolling. *See Gould*, 905 F.2d at 745.

We also reject Ramos's claim that the government fraudulently concealed its involvement, thus preventing her from learning it was the proper defendant.[1]

---

[1] We further reject Ramos's claim that Pine Hills's failure to turn over records prevented her from discovering its government connection. Having reviewed the medical records at issue, we agree with the district court that nothing in the records would have alerted Ramos to Pine

"When the fraud goes undiscovered because the defendant has taken positive steps after the commission of the fraud to keep it concealed, then the statute of limitations is tolled until the plaintiff actually discovers the fraud. 'Fraudulent concealment must consist of affirmative acts or representations which are calculated to, and in fact do, prevent the discovery of the cause of action.'" *In re Int'l Admin. Servs., Inc.*, 408 F.3d 689, 701 (11th Cir. 2005) (citations omitted). The facts of this case do not show any concealment by the government or Pine Hills.

### C. Extension under State Law

Finally, Ramos argues that the ninety-day extension in the limitations period under state law should render her complaint timely. We disagree. The limitations period is set by the FTCA, *see* 28 U.S.C. § 2401(b), and thus state law is not applicable. *See, e.g.*, *Phillips*, 260 F.3d at 1318-19 (concluding that the Georgia renewal statute did not impact the applicable statute of limitations under the FTCA).

### IV. Conclusion

For the foregoing reasons, we agree with the district court's conclusion that Ramos's complaint was time-barred.

---

Hills's status as a federally-funded clinic.

**AFFIRMED.**