RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 14a0097p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

BOBBY G. JACKSON,

　　　　　　　　　　*Plaintiff-Appellant,*

　　*v.*

UNITED STATES OF AMERICA,

　　　　　　　　　　*Defendant-Appellee*.

No. 13-1243

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 2:12-cv-10124—Lawrence P. Zatkoff, District Judge.

Argued:  December 3, 2013

Decided and Filed:  May 12, 2014

BEFORE:  SILER, McKEAGUE, and WHITE, Circuit Judges.

---

## COUNSEL

**ARGUED:**  Phillip S. Serafini, SERAFINI, MICHALOWSKI, DERKACZ & ASSOCIATES, P.C., Sterling Heights, Michigan, for Appellant.  Andrew J. Lievense, UNITED STATES ATTORNEY'S OFFICE, Detroit, Michigan, for Appellee.  **ON BRIEF:**  Phillip S. Serafini, SERAFINI, MICHALOWSKI, DERKACZ & ASSOCIATES, P.C., Sterling Heights, Michigan, for Appellant.  Andrew J. Lievense, UNITED STATES ATTORNEY'S OFFICE, Detroit, Michigan, for Appellee.

　　　McKEAGUE, J., delivered the opinion of the court, in which SILER, J., concurred. WHITE, J. (pp. 13–16), delivered a separate dissenting opinion.

1

_____

**OPINION**

_____

McKEAGUE, Circuit Judge.  This case involves the Federal Tort Claims Act, namely, whether plaintiff Bobby Jackson timely brought her suit against the United States.  The district court found that she did not, and granted the United States' motion to dismiss.  The district court further declined to apply equitable tolling to Jackson's claim.  We affirm.

I.

On January 13, 2009, Bobby Jackson was involved in a car accident with Michele Battistelli, an Assistant Special Agent in Charge who worked at the Detroit Field Office of the U.S. Immigration and Customs Enforcement Agency, a component of the U.S. Department of Homeland Security.  According to Jackson, Battistelli's negligent driving resulted in a head-on collision while Jackson was stopped at an intersection.  Jackson suffered multiple injuries, including damage to her head and spinal cord.

After the accident, Jackson retained the services of Michael Shaffer, an attorney with the law firm Gursten, Koltonow, Gursten, Christensen and Raitt, P.C., known also as Michigan Autolaw.  On March 5, 2009, Shaffer submitted Jackson's administrative claim for Damage, Injury, or Death.  Shaffer, however, erroneously mailed Jackson's claim to the Department of Homeland Security, which then forwarded Jackson's claim to the Immigration and Customs Enforcement Agency.  On June 17, 2009, the Immigration and Customs Enforcement Agency received Jackson's claim.  The cover letter included with Jackson's claim listed Shaffer's mailing address as being located on Evergreen Road in Southfield, Michigan.  The claim form itself included Jackson's name and mailing address.

On July 7, 2009, the Immigration and Customs Enforcement Agency confirmed receipt of Jackson's claim in correspondence to Shaffer.  This receipt letter was sent to the Evergreen Road address provided by Shaffer on the cover letter.  Shaffer received the receipt letter.  The receipt letter stated that the agency would process Jackson's claim pursuant to the Federal Tort Claims Act ("FTCA"), which allows an agency "up to six months to adjudicate a damage claim,

beginning from the date the agency receives the claim." The letter advised, "[o]nce we complete our adjudication, we will send you a letter informing you of our findings. If the agency fails to adjudicate your claim within six months of the date of receipt, or if it denies the claim, you can file a lawsuit in the appropriate United States District Court."

On March 8, 2011, the Immigration and Customs Agency via certified mail sent a "final determination" denying Jackson's administrative claim. This denial letter noted that if Jackson was dissatisfied with the agency's decision, she could file suit in the appropriate district court "no later than six months after the date of mailing of this notice of final denial." The agency sent the denial letter to the Evergreen Road address Shaffer provided on the cover letter, the same address to which it sent the receipt letter. On March 23, 2011, the U.S. Postal Service returned the denial letter to the Immigration and Customs Agency, marking the denial letter as "Not Deliverable as Addressed. Unable to Forward." Apparently, Shaffer's firm had changed locations in May of 2010.

The parties disagree whether a forwarding order was in place. Jackson contends that Michigan Autolaw put in place a one-year forwarding order for its mail when it moved, and that for eight months after the forwarding order expired it regularly sent a runner to collect the mail. In response, the government notes that a one-year forwarding order would have been in effect when the denial letter was mailed, yet that certified letter was marked unable to be forwarded, and tracking information for the letter stated that Michigan Autolaw had moved and left no forwarding address.[1] The parties also disagree whether the information about changing locations was conveyed to the Immigration and Customs Agency. According to the government, Shaffer never informed the Immigration and Customs Agency of the new address. Regardless, the denial letter never reached Jackson or Jackson's attorney. Despite receiving the undelivered mail, the agency took no further action.

Further complicating the situation is the fact that Jackson may have switched attorneys, or at least relied on the services of multiple counsel. Jackson contends that at some point Shaffer transferred her case to Phillip Serafini, an attorney at the law firm Serafini, Michalowski,

---

[1]Jackson herself admits that computer tracking information provided by the U.S. Postal Service indicated that the denial letter could not be delivered because Michigan Autolaw had "Moved, left no address."

Derkacz & Associates.  She argues that the agency was aware of this change due to an alleged February 2, 2011 phone conversation between Serafini and Toya Azian, a paralegal specialist with the Immigrations and Customs Enforcement Agency.  According to Jackson, Azian called Serafini and asked him to submit a demand letter.  In support, Jackson submits an affidavit from Serafini as well as Serafini's handwritten notes regarding the phone call.  The Government counters that the "agency's claim file contains no record of that phone call or that any such information regarding a new lawyer was provided to the agency in writing or otherwise, and [Azian] no longer works for the agency." Def. Br. at 18.  The parties do not dispute that Serafini did not send formal notice to the agency that he was counsel of record in the case or submit the requested demand letter.

On January 11, 2012, Jackson filed suit in the U.S. District Court for the Eastern District of Michigan under the FTCA.  Jackson also filed a tort case against Battistelli in state court that Battistelli removed to federal court, which was then consolidated with Jackson's federal court claim after Battistelli was dismissed as a party to the case.  The government moved to dismiss Jackson's suit for lack of subject matter jurisdiction on the grounds that her filing was untimely. The government argued that the agency's mailing of the March 8, 2011 denial letter triggered a six-month window in which Jackson had to file her suit, meaning her last opportunity to file suit was on September 8, 2011.  As a result, according to the government, Jackson's filing of her claim on January 11, 2012—four months after the six-month limitation period—was barred by the FTCA.  Jackson argued that the six-month limitation period was not triggered because neither she nor her attorney received the denial letter.  In the alternative, Jackson argued that the limitation period should be equitably tolled to allow her to file her suit.

On January 30, 2013, the district court granted the United States' motion to dismiss for lack of subject matter jurisdiction.  The district court ruled that the plain language of the FTCA indicated that the mailing of the denial letter triggered the six-month limitation period, thus rendering Jackson's filing of her suit on January 11, 2013 untimely and barred by the FTCA. The district court further did not equitably toll the limitation period on the grounds that Jackson was not diligent or reasonable in not filing suit, reasoning that the July 7, 2009 receipt letter received by Shaffer communicated that Jackson "could have filed suit as early as December 2009

[and] yet [she] did not do so." R. 16, Dist. Ct. Opn. at 9, PageID # 111 ("As such, [Jackson] had nearly two years to file suit."). The district court also noted that Jackson could not "claim a lack of notice or constructive knowledge of the filing requirement" given her knowledge of the FTCA's requirements and her having filed her claim within the two-year accrual period. Finally, the district court observed that applying equitable tolling to Jackson's claim would prejudice the United States. This appeal followed.

II.

The first issue concerns the district court's dismissal of Jackson's complaint for lack of subject matter jurisdiction. The district court did so on the grounds that Jackson filed her claim against the United States outside of the time period permitted by the FTCA. "We review de novo a district court's judgment dismissing a complaint for the lack of subject matter jurisdiction." *Davis v. United States*, 499 F.3d 590, 593 (6th Cir. 2007) (citing *Sutton v. St. Jude Med. S.C., Inc.*, 419 F.3d 568, 570 (6th Cir. 2005)).

The doctrine of sovereign immunity shields the United States from lawsuits. *See Dep't of the Army v. Blue Fox, Inc.*, 525 U.S. 255, 260 (1999). Suits brought against the United States are therefore dismissed unless a claimant can point to an express waiver of sovereign immunity. *See id.* (citing *FDIC v. Meyer*, 510 U.S. 471, 475 (1994)); *see also Lane v. Pena*, 518 U.S. 187, 192 (1996) ("A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text, and will not be implied." (internal citations omitted)). As noted by the district court, "when Congress enacts a statute that waives federal sovereign immunity . . . a court may not enlarge the waiver beyond what the language requires." R. 16, Dist. Ct. Opn. at 4, PageID # 106 (internal quotation marks and citations omitted).

The waiver at issue in this case is the one provided under the FTCA. The FTCA allows a claimant to bring a cause of action "against the United States, for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment[.]" 28 U.S.C.A. § 1346(b)(1). This waiver of sovereign immunity requires a claimant to abide by the terms of § 2401(b):

A tort claim against the United States shall be *forever barred* unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or *unless action is begun within six months after the date of mailing, by certified or registered mail, of the notice of final denial of the claim by the agency to which it was presented.*

28 U.S.C. § 2401(b) (emphasis added).  With respect to situations in which the agency's delay precludes the claimant from bringing a claim—for example, when an agency has not yet issued a notice of denial—a claimant may sue the United States according to the terms of § 2675(a):

An action shall not be instituted upon a claim against the United States . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. *The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.*

28 U.S.C. § 2675(a) (emphasis added).  Therefore, a claimant may sue the United States pursuant to the FTCA six months after presenting a claim to an agency.  *See id.*  A claimant may no longer sue the United States six months after the time that an agency mails a denial letter.  28 U.S.C. § 2401(b).

Applying that standard here, on January 13, 2009 (the date of the car accident), Jackson's claim accrued.  On June 17, 2009, her claim was presented to the agency.  On December 17, 2009, Jackson could have brought suit against the United States.  Nearly one and a half years passed, during which time Jackson did not bring suit.  On March 8, 2011, the agency sent its denial letter by certified mail (which Jackson did not receive).  On September 8, 2011, the six-month limitation period during which Jackson was required to bring suit closed.  On January 11, 2012—four months after the window closed—Jackson filed her suit.  The plain language of the FTCA foreclosed Jackson's ability to file suit at that time, meaning that her filing was untimely and must be dismissed.  *See* 28 U.S.C. § 2401(b).

Jackson argues that an "undelivered notice of denial" does not trigger the six-month limitation window outlined in the FTCA.  Pl. Br. at 12.  This is incorrect.  The FTCA unambiguously states that the six-month limitation window runs "from the date of mailing."  28 U.S.C. § 2401(b).  As our sister circuits have noted, the FTCA does not require that the claimant receive the denial letter in order to commence the six-month limitation period.  *See*

*Berti v. V.A. Hosp.*, 860 F.2d 338, 340 (9th Cir. 1988) (declining to read a receipt requirement into the FTCA); *Carr v. Veterans Admin.*, 522 F.2d 1355, 1357 (5th Cir. 1975) (same). The FTCA requires only that the agency mail the denial by certified mail. This the agency did. An added receipt requirement would constitute a burden on the agency to guarantee delivery, and would in fact be construing the FTCA in favor of plaintiffs suing the United States, when the Supreme Court has instructed courts to do the opposite. *See Lane*, 518 U.S. at 192 ("Moreover, a waiver of the Government's sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign." (internal citations omitted)).

Another factor leading to the same conclusion is 28 C.F.R. § 14.9(a), the Department of Justice regulation construing the FTCA's six-month limitation provision. *See Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 843–44 (1984); *see also* 28 U.S.C. § 2672 (granting the Attorney General authority to promulgate regulations). Section 14.9(a) states:

> Final denial of an administrative claim shall be in writing and *sent to the claimant, his attorney, or legal representative by certified or registered mail*. The notification of final denial may include a statement of the reasons for the denial and shall include a statement that, if the claimant is dissatisfied with the agency action, he may file suit in an appropriate U.S. District Court not later than 6 months after the date of mailing of the notification.

28 C.F.R. § 14.9(a) (emphasis added). Jackson argues that, in light of the returned denial letter, the agency was required to mail the denial letter to both her *and* her counsel even though the regulation clearly states that an agency's sending the denial to the claimant *or* her legal representative is sufficient to trigger the six-month limitation window.[2] *See id.* While the agency's mailing the returned denial letter to Jackson herself may have been the preferred course of action, it was not the required course of action. Again, reading an additional requirement into this regulation—that the agency must send the denial to multiple parties—runs counter to a

---

[2]To support her argument, Jackson points only to *Matos v. United States*, 380 F. Supp. 2d 36, 40 (D.P.R. 2005), a case in which a district court determined that the six-month limitations window was not triggered because the agency had "available the necessary information to ensure that delivery by certified mail be achieved" in light of the fact that the agency had two addresses for the claimant's counsel. This reasoning runs contrary to that relied on by other courts. *See generally Berti*, 860 F.2d at 340 ("[T]he running of the statutory period [begins] from the date of mailing of a certified or registered letter."); *Carr*, 522 F.2d at 1357 ("[T]he plain words of the statute . . . specify that an action be begun within six months after the 'date of mailing.'"). Furthermore, this case is not controlling authority in this circuit.

court's duty to construe waivers of sovereign immunity in favor of the government.**³** *See Lane*, 518 U.S. at 192.

In sum, the plain language of the FTCA indicates that the Immigration and Customs Enforcement Agency's mailing the denial letter triggered the six-month limitation period. Furthermore, the Department of Justice Regulation clarifies that the agency was required only to send the denial letter to either Jackson *or* her attorney, not Jackson *and* her attorney. Because Jackson filed her suit after the six-month limitation period ran, her claim was untimely. Therefore, we agree with the district court that the government's motion to dismiss for lack of subject matter jurisdiction should be granted.

## III.

The next issue concerns the district court's decision not to equitably toll Jackson's claim, which, given that the parties dispute certain facts, is reviewed under an abuse of discretion standard. *See Dunlap v. United States*, 250 F.3d 1001, 1007 n.2 (6th Cir. 2001) (noting that the abuse of discretion standard applies to a district court's refusal to apply the doctrine of equitable tolling when facts are in dispute); *Truitt v. Cnty. of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998) ("We review a district court's decision regarding equitable tolling for an abuse of discretion."). Equitable tolling allows a federal court "to toll a statute of limitations when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010) (internal quotation marks and citation omitted). While "equitable tolling may be applied in suits against the government, courts will only do so sparingly, and not when there has only been a garden variety claim of excusable neglect." *Chomic v. United States*, 377 F.3d 607, 615 (6th Cir. 2004) (internal quotation marks and citation omitted). Jackson carries the burden of establishing her entitlement to equitable tolling. *See Robertson*, 624 F.3d at 784.

The issue of equitable tolling raises two questions. First is the question of whether equitable tolling applies to the FTCA's limitations period, which depends on whether the time

---

**³**Moreover, as the government notes, the agency might have been reprimanded for directly communicating with an individual who was represented by counsel. *See* Def. Br. at 22 n.1.

limitations in the FTCA are jurisdictional in nature.  This question has prompted some variance within this circuit.  *See, e.g.*, *Bazzo v. United States*, 494 F. App'x 545, 546 (6th Cir. 2012) ("The question whether § 2401(b)'s exhaustion provisions constitute jurisdictional requirements divides circuit courts and even prompts inconsistent rulings within this circuit.").[4]  Moreover, the government argues that equitable tolling is not available in light of recent Supreme Court precedent.  *See generally John R. Sand & Gravel Co. v. United States*, 552 U.S. 130 (2008) (ruling that 28 U.S.C. § 2501 was jurisdictional and thus not subject to equitable tolling).  If equitable tolling does not apply, Jackson cannot recover.  If equitable tolling does apply, this raises the second question as to whether the district court abused its discretion in not equitably tolling Jackson's claim.  The district court did not address the first question, finding that "even if equitable tolling applies, [Jackson] has not shown her entitlement to such relief."  R. 16, Dist. Ct. Opn. at 9, PageID # 111.

We agree with the district court that we need not decide the issue of whether the time limitations in the FTCA are jurisdictional in nature because, even assuming that equitable tolling is available, we find that the district court did not abuse its discretion in not equitably tolling Jackson's claim.  *See generally Bazzo*, 494 F. App'x at 547 ("We need not resolve this circuit split today. Assuming the availability of equitable tolling, Bazzo has not shown that the district court abused its discretion in denying relief.").  To determine whether equitable tolling is available to a plaintiff, a court considers five factors: (1) the plaintiff's lack of notice of the filing requirement; (2) the plaintiff's lack of constructive knowledge of the filing requirement; (3) the plaintiff's diligence in pursuing her rights; (4) an absence of prejudice to the defendant; and (5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement.  *Truitt*, 148 F.3d at 648.  We find that the district court's weighing of these factors and denial of equitable tolling to be well within its discretion.

---

[4]*Compare Glarner v. U.S. Dep't of Veterans Admin.*, 30 F.3d 697, 701 (6th Cir. 1994) ("[T]he VA first argues that the doctrine of equitable tolling cannot apply to § 2401(b) because the latter is a jurisdictional statute of limitations that cannot be equitably tolled.  This assertion is incorrect."), *with Rogers v. United States*, 675 F.2d 123, 124 (6th Cir. 1982) ("There is no equitable exception to the jurisdictional prerequisites of the Federal Tort Claims Act in this Circuit and we decline to create one."), *and Humphrey v. U.S. Att'y Gen.'s Office*, 279 F. App'x 328, 332 (6th Cir. 2008) ("The requirement that a claim pursuant to the FTCA be commenced within six months of an administrative denial is a jurisdictional prerequisite to suit and a failure to comply warrants dismissal on the merits.").

As to the first and second factors, notice and constructive knowledge, the district court noted that Jackson could not claim a lack of notice or constructive knowledge of the filing requirement given her knowledge of the FTCA's filing requirements and her having filed her claim within the two-year accrual period. The district court could reasonably ascertain from this information that Jackson and her counsel were aware of the relevant provisions in the FTCA governing when a claim could be filed. While it is true that the district court did not focus on the six-month deadline triggered by the agency's denial letter, the district court was not required to emphasize the six-month limitation period over the two-year accrual period in evaluating the notice and constructive knowledge factors.

The district court's analysis of the final three factors also did not amount to an abuse of discretion. As to the third factor, diligence, and the fifth factor, reasonableness, the district court's observation that the July 7, 2009 receipt letter received by Shaffer communicated that Jackson "could have filed suit as early as December 2009" as well as its reliance on the fact that Jackson did not file her suit despite having had nearly two years to do so was sound and did not amount to an abuse of discretion. R. 16, Dist. Ct. Opn. at 9, PageID # 111. Moreover, the district court's attention to the fact that a full four months—rather than mere days or a week—had passed between the six-month statutory deadline and the filing of Jackson's claim was similarly reasonable and not an abuse of discretion. Finally, the district court did not abuse its discretion in considering the fourth factor, prejudice, as it noted the difficultly the government would have in litigating a matter that was filed four months beyond the limitations period.

Although Jackson argues that a situation in which a denial letter was never delivered mandates application of equitable tolling, she cites to no authority supporting her claim. We note that the denial letter presumably would have been properly delivered had either Shaffer or Serafini updated the agency with the correct mailing address. However we also take note of cases in which courts ruled that equitable tolling did not apply despite the fact that actions taken by the claimant's counsel played a role in the untimely filing. In *Bazzo*, a claimant sought to file a negligence suit against the physician who delivered her daughter, a physician who, the claimant later learned—after the two-year accrual limitation period expired—was an employee at a federally-funded medical facility. 494 F. App'x at 546–47. The district court labeled her

counsel's work as a "below-the-radar investigation" but still did not equitably toll the limitations period.  *Id.* at 547.  This court affirmed the district court's decision, despite the fact that the claimant's counsel offered "no explanation for these oversights."  *Id.*; *see also Ramos v. U.S. Dep't of Health & Human Servs.*, 429 F. App'x 947, 951 (11th Cir. 2011) (declining to apply equitable tolling where claimant's "counsel conceded that there was a government website listing federally funded clinics, that [the alleged tortfeasor] was listed on the site, and that he had been unaware of and had not checked the website").  A similar analysis applies to Jackson's claim.  Contrary to Jackson's assertion, it was within the district court's discretion not to apply equitable tolling to the limitations period.  We thus find no abuse of discretion in the district court's decision.

## IV.

The final issue concerns Jackson's state-law tort claim against Battistelli.  Jackson argues that her state-law tort claim against Battistelli should have survived dismissal of her FTCA claim.  This is incorrect.

When a tort claim is brought against a federal employee, the Federal Employees Liability Reform and Tort Compensation Act of 1988, commonly known as the Westfall Act, applies.  *See* Pub. L. No. 100-694, §§ 5–6, 102 Stat. 4563 (1988).  The Westfall Act "empowers the Attorney General to certify that the employee was acting within the scope of his office or employment at the time of the incident . . . " giving rise to the claim.  *Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 420 (1995) (quoting 28 U.S.C. § 2679(d)(1)).  Upon certification, the United States is substituted for the employee as a defendant, and the claim is litigated under the FTCA and is subject to dismissal on any basis applicable to FTCA claims.  *See* 28 U.S.C. § 2679(d)(4) (providing that the claims "shall be subject to the limitations and exceptions applicable to those [FTCA] actions"); *Dolan v. United States*, 514 F.3d 587, 593 (6th Cir. 2008) ("[I]f the defendant federal employee was acting in the scope of his or her employment, substitution of the United States as defendant is appropriate and the district court must assess the plaintiff's claims pursuant to the [FTCA] . . . the case must be dismissed for lack of jurisdiction."); *see also United States v. Smith*, 499 U.S. 160, 166 (1991) ("[T]he FTCA [is] the exclusive mode of recovery for the tort of a Government employee even when the FTCA itself precludes Government liability.").  Any

suit against the employee "arising out of or related to the same subject matter" is precluded. 28 U.S.C. § 2679(b)(1). Because the government certified that Battistelli was acting within the scope of his employment when the accident occurred, Jackson's claim against Battistelli must be dismissed.

## V.

For the reasons discussed above, the district court's grant of the government's motion to dismiss for lack of subject matter jurisdiction, its decision not to equitably toll Jackson's claim, and the dismissal of Jackson's state-law tort claim against Battistelli are AFFIRMED.

---

**DISSENT**

---

HELENE N. WHITE, Circuit Judge, dissenting.  The majority affirms the district court's decision not to apply equitable tolling to the limitations period of Jackson's FTCA suit.  I find tolling warranted and therefore dissent.

I.

As the majority notes, the issue of equitable tolling raises two questions:  (1) whether the FTCA's limitations provision, 28 U.S.C. § 2401(b), is jurisdictional and not subject to tolling, and (2) whether equitable tolling is available to Jackson on the merits.

A.

Our decision in *Glarner v. United States Department of Veterans Administration*, 30 F.3d 697 (1994), resolves the first question.  In *Glarner*, we looked to the Supreme Court's decision in *Irwin v. Veterans Affairs*, 498 U.S. 89 (1990), which created a rebuttable presumption that equitable tolling applies to suits against the United States.  *Irwin*, 498 U.S. at 95–96 ("We therefore hold that the same rebuttable presumption of equitable tolling applicable to suits against private defendants should also apply to suits against the United States.  Congress, of course, may provide otherwise if it wishes to do so.").  Observing that nothing indicated that Congress had "provided otherwise" with respect to § 2401(b), we concluded that *Irwin*'s rebuttable presumption was fully applicable and, therefore, § 2401(b) was a nonjurisdictional statute of limitations that was subject to tolling.  *See Glarner*, 30 F.3d at 701 ("[T]he VA first argues that the doctrine of equitable tolling cannot apply to § 2401(b) because the latter is a jurisdictional statute of limitations that cannot be equitably tolled.  This assertion is incorrect.").

Somewhat confusingly, we have never cited *Glarner* for this proposition, and since *Glarner*, the court has referred to § 2401(b) as jurisdictional without reference to *Glarner*.  *See, e.g.*, *Humphrey v. United States Attorney Gen.'s Office*, 279 F. App'x 328, 332 (6th Cir. 2008) ("The requirement that a claim pursuant to the FTCA be commenced within six months of an administrative denial is a jurisdictional prerequisite to suit and a failure to comply warrants

dismissal"); *Sullivan ex rel. Lampkins v. Am. Cmty. Mut. Ins. Co.*, 208 F.3d 215 (6th Cir. 2000) (table) (describing the two-year deadline for filing administrative claims as jurisdictional); *see also Bazzo v. United States*, 494 F. App'x 545, 546 (6th Cir. 2012) (comparing *Glarner* with *Humphrey* and *Sullivan* and observing, "[t]he question whether § 2401(b)'s exhaustion provisions constitute jurisdictional requirements divides circuit courts and even prompts inconsistent rulings within this circuit."). Nonetheless, as Judge Stranch recognized in her dissent in *Bazzo*, *Glarner* has not been overruled and is the law of the circuit. *Bazzo*, 494 F. App'x at 548 (Stranch, J. dissenting) ("Until the Supreme Court or our Court sitting *en banc* holds that the exhaustion provisions of 28 U.S.C. § 2401(b) are jurisdictional requirements, I would affirm the district court's decision that the statute is not jurisdictional and that equitable tolling may be applied based on our prior decision in *Glarner*.").

The government contends that the Supreme Court's decision in *John R. Sand & Gravel Co. v. United States*, 552 U.S. 130 (2008), implicitly overruled *Glarner*, but it did not. In *John R.*, the Court held that the statute of limitations for filing actions in the United States Court of Federal Claims, 28 U.S.C. § 2501, is a jurisdictional limitations period not subject to waiver. The government points to language in the decision distinguishing statutes of limitations that "seek primarily to protect defendants against stale or unduly delayed claims" which may be treated as an affirmative defense, from those that seek "to achieve a broader system-related goal, such as . . . limiting the scope of a governmental waiver of sovereign immunity" which are "more absolute" and which "the Court has sometimes referred to . . . as 'jurisdictional.'" *John R.*, 552 U.S. at 133–34. The government argues that § 2401(b) falls in the latter category and accordingly, under *John R.* is jurisdictional and cannot be tolled. But *John R.* did not employ that distinction to categorize § 2501 and then find tolling inapplicable. Rather, consistent with *Irwin*, the Court held that congressional silence in the face of the Court's *long-held precedent* finding § 2501 jurisdictional was sufficient to rebut *Irwin*'s presumption that equitable tolling applied. *Id.* at 137–38 ("Specific statutory language . . . could rebut [*Irwin*'s] presumption by demonstrating Congress' intent to the contrary. And if so, a definitive earlier interpretation of the statute, finding a similar congressional intent, should offer a similarly sufficient rebuttal."). Because no such Supreme Court precedent exists with respect to § 2401(b), Congressional silence does not rebut *Irwin*'s presumption that equitable tolling is available. Accordingly, *John*

*R.* does not undermine this court's decision in *Glarner. See Arteaga v. United States*, 711 F.3d 828, 833 (7th Cir. 2013) (Posner, J.) (finding the FTCA limitations provision non-jurisdictional and subject to tolling, and noting "[t]he opinion in *John R. Sand & Gravel* actually reaffirms the presumption that equitable tolling applies to statutes of limitations in suits against the government, while emphasizing that the presumption is rebuttable") (citation omitted); *see also Santos ex rel. Beato v. United States*, 559 F.3d 189, 197 (3d Cir. 2009) (stating, when concluding that *John R.* did not invalidate its prior determination that the FTCA limitations provision is non-jurisdictional and subject to tolling, "the Court in *John R.* applied but did not overrule *Irwin*"). Because *Glarner* remains good law, the FTCA's limitations provision is subject to equitable tolling.

B.

As to the whether the filing deadline should have been tolled in this case, I would answer in the affirmative. As noted, to determine whether equitable tolling applies in a given case, the court considers five factors: (1) the plaintiff's lack of notice of the filing requirement; (2) the plaintiff's lack of constructive knowledge of the filing requirement; (3) the plaintiff's diligence in pursuing her rights; (4) an absence of prejudice to the defendant; and (5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement. *Truitt v. Wayne Cnty.*, 148 F.3d 644, 648 (6th Cir. 1998). We review a district court's decision to deny equitable tolling for an abuse of discretion, i.e., we reverse if the district court relies on clearly erroneous findings of fact, or improperly applies the law or uses an erroneous legal standard. *Romstadt v. Allstate Ins. Co.*, 59 F.3d 608, 615 (6th Cir. 1995).

Here, the district's court's factual determination that Jackson had actual notice of the filing deadline was clearly erroneous. Jackson's attorneys were surely aware of the FTCA's general filing requirements, but it is undisputed that neither Jackson nor her attorneys were aware that the agency had mailed the denial letter, triggering the six-month deadline. In other words, Jackson had no notice of the actual deadline for filing suit: September 8, 2011. Further, the district court erred as a matter of law when it stated, as a basis for its prejudice finding, that Congress did not intend to waive sovereign immunity for late-filed claims. *See* R. 16, Dist. Ct. Opn. at 10 (finding that tolling would prejudice the government because it "would be required to

litigate a matter that unquestionably was filed beyond the limitations period and over which Congress did not intend to waive sovereign immunity"). The statement was akin to finding that Congress did not intend for equitable tolling to apply to FTCA claims, which—pursuant to *Irwin* and *Glarner*—is plainly incorrect. In addition, the district court's determination that Jackson was not diligent because she *could have* filed suit as early as December 2009—six months after the agency received her claim—is, at least, questionable. The FTCA permits, but does not require, claimants to deem a claim denied and file suit at any time after the agency fails to adjudicate the claim within six months of receiving it. *See* 28 U.S.C. § 2675(a) ("The failure of an agency to make final disposition of a claim within six months after it is filed shall, *at the option of the claimant any time thereafter*, be deemed a final denial of the claim for purposes of this section.") (emphasis added); *Conn v. United States*, 867 F.2d 916, 920 (6th Cir. 1989) (rejecting a requirement that the claimant exercise the option within a "reasonable" time, observing, "the language of the statute places the option in the claimant's hands"). Jackson cannot be fairly deemed to have lacked diligence because she exercised the discretion squarely granted her under the statute.

Further, the equities weigh in Jackson's favor where the agency *knew* that the six-month filing deadline was triggered by its denial of Jackson's claim, and also *knew*—because its letter was returned undelivered—that Jackson was not aware that her claim had been denied. It did not even follow up using information readily available in Jackson's file by re-mailing the denial to Jackson at her personal address provided on her claim form. There was also evidence that the agency was aware that Serafini had replaced Shaffer as Jackson's attorney, and had his phone number. I would find that the district court abused its discretion in denying equitable tolling, and would allow Jackson's suit to proceed.