NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0025n.06

No. 21-2792

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

NAU COUNTRY INSURANCE COMPANY,

    Petitioner-Appellee,

v.

ALT'S DAIRY FARM, LLC,

    Respondent-Appellant.

)
)
)
)
)
)
)
)
)
)
)

**FILED**
Jan 11, 2023
DEBORAH S. HUNT, Clerk

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE WESTERN
DISTRICT OF MICHIGAN

OPINION

Before:  DONALD, BUSH, and NALBANDIAN, Circuit Judges.

JOHN K. BUSH, Circuit Judge.  For federally reinsured crop-insurance contracts, the Federal Crop Insurance Corporation (FCIC) sets common terms, including a requirement that the parties arbitrate coverage disputes.  In resolving such controversies, the arbitrator must defer policy interpretations to the Risk Management Agency (RMA) or FCIC, or else the arbitration award may be nullified.

Alt's Dairy Farm, LLC (Alt's Dairy) lost at an arbitration with its insurer, NAU Country Insurance Company (NAU).  Several months later, NAU petitioned for a district court to confirm the arbitration award in its favor.  Alt's Dairy responded by filing a counter-petition to nullify the arbitration award, blaming its loss on an alleged impermissible policy interpretation by the arbitrator.  As we explain below, the counter-petition to nullify did not comply with the substance or time limits of the Federal Arbitration Act (FAA), whose requirements govern Alt's Dairy's

challenge to the arbitration award in federal court. We therefore AFFIRM the district court's ruling in favor of NAU and the dismissal of Alt's Dairy's counter-petition to nullify.

I.

After Alt's Dairy's 2017 apple crop was damaged by freezing weather, it sought recovery from NAU.[1] The loss was calculated under a fresh-fruit-quality endorsement, which provided additional coverage when a certain percentage of its apple production was sold as fresh in any of the preceding four years. NAU allegedly agreed that Alt's Dairy met those requirements in 2015 based on its apple production in 2013. But the insurer later declined to provide such coverage after concluding that the 2017 crop did not qualify. The parties' dispute over fresh-fruit coverage went to arbitration, as required by the insurance policy. The arbitrator heard from the parties' experts, an NAU employee, employees of Alt's Dairy's customers, and Jason Rowekamp, a regional compliance manager for the RMA, and the agency that manages the FCIC. The arbitrator entered an award for NAU on March 11, 2020.

Those are the immediate facts of the case, but to fully understand the dispute, an explanation of the parties' relationship is warranted. Their relationship is no ordinary insurer-insured arrangement. NAU sold its policies to Alt's Dairy under the Federal Crop Insurance Act of 1980 (the Act) and its accompanying regulations, which allow for federal reinsurance of crop insurance. Reinsurance agreements allow for subsidization of crop insurance by the federal government, specifically, the FCIC. *See generally* J. Grant Ballard, *A Practitioner's Guide to the Litigation of Federally Reinsured Crop Insurance Claims*, 17 Drake J. Agric. L. 531, 536 (2013). But subsidized insurance comes with a catch: the terms of every federally reinsured crop insurance policy are set by the FCIC and codified at 7 C.F.R. § 457.8, the Common Crop Insurance Policy

---

[1] Alt's Dairy purchased both common crop insurance and apple crop insurance from NAU.

(the common policy or CCIP). *See* 7 C.F.R. § 457.2(b). And though that policy calls for arbitration when mediation proves unfruitful, it limits the arbitrator's role in the resolution of disputes involving a policy or procedure interpretation. CCIP § 20(a)(1). Only the RMA or the FCIC has the authority to interpret the common policy, the FCIC's regulations, and the Act. *Id.* So, when an arbitrator steps outside his or her role and interprets any of the above provisions, the usual consequence is severe—nullification of the arbitration award. *Id.* § 20(a)(1)(ii).

And nullification of the award is what Alt's Dairy seeks here. The insured maintains that the arbitrator of its dispute with NAU ventured outside his authority and interpreted the common policy. Alt's Dairy raised this objection first by asking the FCIC for a final agency determination about the apple crop provisions. The request Alt's Dairy submitted is not in our record, but the agency determination reflects that it was submitted May 6, 2020. The FCIC determined on July 21, 2020, that the "key inquiry" in determining whether apples are sold as fresh "is whether the price received is commensurate with the price generally received by other growers for fresh apples." FAD-295, R. 10-6, PageID 115. But the FCIC never addressed whether the arbitration award should be nullified.

Meanwhile, NAU asked the district court on July 1 to confirm the arbitration award in its favor under section 9 of the FAA. *See* 9 U.S.C. § 9. The insurer noted that Alt's Dairy had not moved to vacate, modify, or correct the arbitration award within the three-month time limit in section 12 of the FAA. *See id.* § 12. Alt's Dairy filed its opposition and a counter-petition to nullify the arbitration award under the common policy and the FCIC regulations on August 28. It argued that the nullification provisions, not the FAA, provided the only relief it needed. And because the arbitrator's award deviated from the later-issued agency determination, and Alt's Dairy had filed suit within the one-year limit in the common policy, it asked the court to nullify

the award.

NAU moved to dismiss the counter-petition. It asked the court to apply the FAA's three-month time limit for motions to vacate and dismiss the counter-petition as untimely. *See* 9 U.S.C. § 12. Alt's Dairy again noted that nullification under the common policy and its accompanying regulations is different than vacatur under the FAA and does not require compliance with the FAA. *Compare id.*, *with* CCIP § 20(a)(1)(ii). But Alt's Dairy asked for permission to amend its counter-petition to add an FAA vacatur claim to "moot" NAU's argument that the common policy offered no relief. Alt's Dairy argued that timeliness was no issue because the parties had agreed to extend the FAA's deadlines in the common policy.

After hearing oral argument, the district court ruled for NAU from the bench. Its reasoning was four-fold. First, it determined that the FAA provides the exclusive remedy for challenges to arbitration awards when a contract is covered by the FAA. Second, the district court found that this crop insurance contract was covered by the FAA, so the FAA controlled this case. Third, the district court determined that the common policy was not a "parallel procedural vehicle," so Alt's Dairy's counter-petition had to comply with the FAA. In fact, the district court noted the one-year time limit in the common policy aligns with the FAA's one-year time limit for confirmation of an award. Finding the counter-petition untimely, it dismissed Alt's Dairy's counter-petition and denied its motion to amend. Fourth, and finally, the district court concluded that, in the alternative, the arbitrator did not exceed his authority. Alt's Dairy timely appealed.

II.

We review both the dismissal of Alt's Dairy's petition and the denial of its motion to amend de novo. *See Colvin v. Caruso*, 605 F.3d 282, 294 (6th Cir. 2010) (noting that while the denial of motions to amend are normally reviewed under the abuse-of-discretion standard, the standard is

de novo when the motion is denied because "the amended pleading would not withstand a motion to dismiss" (quoting *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 437 (6th Cir. 2008)); *AK Steel Corp. v. United Steelworkers of Am.*, 163 F.3d 403, 407 (6th Cir. 1998).

This fresh look calls upon us to answer the same, central questions the district court addressed: (1) Does the FAA apply as the exclusive remedy to challenges to arbitration awards entered under the common policy? (2) If yes, does its three-month time limit for motions to vacate bar Alt Dairy's petition to nullify? For reasons set forth below, and as we discussed in *Bachman Sunny Hill Fruit Farms, Inc. v. Producers Agric. Ins. Co.*, __ F.4th __, No. 21-2868 (6th Cir. January 11, 2023), we hold that the FAA applies, and its three-month time limit bars Alt's Dairy's petition to nullify.

A. Does the FAA Apply?

The FAA "makes contracts to arbitrate 'valid, irrevocable, and enforceable,' so long as their subject involves 'commerce.'" *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008) (quoting 9 U.S.C. § 2). So by the usual measure, the FAA applies here.

Yet, Alt's Dairy suggests that its agreement with NAU is governed by the common policy language requiring a federal court to enforce the one-year time limit provided for by the common policy because that unique nullification process does not fit neatly within the FAA's procedural framework. This does not address the binding precedent that applies here—namely, *Decker v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 205 F.3d 906 (6th Cir. 2000) and *Corey v. N.Y. Stock Exch.*, 691 F.2d 1205 (6th Cir. 1982). "Once an arbitration is conducted under a valid arbitration contract, the FAA 'provides the *exclusive* remedy for challenging acts that taint an arbitration award.'" *Decker*, 205 F.3d at 909 (emphasis added) (quoting *Corey*, 691 F.2d at 1211); *see*

*Bachman Sunny Hill*, slip op. at 5–7 (discussing the implications and holdings of *Corey* and *Decker*).

Alt's Dairy claims its case is different because it is a private agreement between Alt's Dairy and NAU. To grant Alt's Dairy a non-FAA judicial remedy, we would have to conclude that our holdings in *Corey* and *Decker* do not govern here. But that precedent applies for three key reasons: (1) Congress has not changed the relevant parts of the FAA since our decisions in *Corey* and *Decker*, meaning the FAA is the "exclusive remedy" here; (2) Congress did not grant the FCIC the authority to create alternative judicial remedies to challenge arbitration awards; and (3) the common policy provides for a unique administrative remedy of nullification but not a judicial remedy of nullification. *Bachman Sunny Hill*, slip op. at 7–9.

An opportunity for nullification occurs when the parties and arbitrator did not seek an FCIC interpretation during an arbitration and should have, 7 C.F.R. § 400.766(b)(4), or when a party disputes an interpretation after an award is rendered and a review determines that an inconsistent interpretation materially affects the award, RMA, U.S.D.A., *Final Agency Determination: FAD-230* (April 10, 2015). *See Bachman Sunny Hill*, slip op. at 8. In either case, a party can appeal the FCIC's decision, and a district court can review and enforce final determinations from the Department of Agriculture's National Appeals Division. *See* 7 C.F.R. § 11.13(a). Or a district court, if presented with a timely motion to vacate under section 10(a)(4) of the FAA, can determine that an arbitration award must be vacated because of the disregarded FCIC interpretation. 9 U.S.C. § 10(a)(4); *see, e.g.*, *Farmers Mut. Hail Ins. Co. of Iowa v. Miller*, No. 20-1978, 2021 WL 3044275, at *2–3 (6th Cir. July 20, 2021).

Here, Alt's Dairy did not ask the district court to review an appeal from an FCIC decision or to vacate the arbitration award under section 10(a)(4) of the FAA. Instead, Alt's Dairy asked

the district court to nullify the arbitration award under the common policy, so Alt's Dairy failed to state a claim the district court could resolve. *Bachman Sunny Hill*, slip op. at 8–9.

B.  Does the Three-Month Time Limit in FAA Section 12 Bar the Petition to Nullify?

Even if Alt's Dairy sought relief under the FAA, its motion was still untimely.  While Alt's Dairy argues that the parties agreed to extend the time limit to one year to challenge the arbitration award, as stated in the common policy, CCIP § 20(b)(3), section 12 of the FAA only allows for a three-month period to challenge the award, *see* 9 U.S.C. § 12.  Because the petition was filed more than five months after the entry of the arbitration award, it is untimely since the FAA is the exclusive remedy here, which requires the petition to be filed within three months of the arbitration award.  *Bachman Sunny Hill*, slip op. at 9–10.

Alt's Dairy's claim that equitable tolling should apply to save its motion is also unconvincing.  This court has yet to decide whether equitable tolling is available in this context. *See Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Berry*, 92 F. App'x 243, 246–47 (6th Cir. 2004). But we need not do so in this case.  As in *Berry*, "the facts of this case clearly do not merit equitable tolling."  *Id.* at 247.  "In general, equitable tolling is available 'when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Zappone v. United States*, 870 F.3d 551, 556 (6th Cir. 2017) (quoting *Jackson v. United States*, 751 F.3d 712, 718 (6th Cir. 2014)).  The burden to seek nullification was Alt's Dairy's, whether through the administrative process, *see* FAD-232, or through a timely motion to vacate, *Corey*, 691 F.2d at 1211–12.

Ultimately, the parties' agreement under the common policy did not extend the deadline in section 12 of the FAA for seeking vacatur, so Alt's Dairy's petition must be barred by the three-

month time limit in section 12 of the FAA.[2]  Thus, the district court correctly determined that amending the petition to nullify to include a claim for vacatur under section 10 of the FAA would be futile.  Because of this, the district court's alternative reasoning for its holding—its conclusion that the arbitrator did not exceed his authority—does not require review on appeal.

III.

For those reasons, we hold that the FAA governs the arbitration agreements in federally reinsured crop-insurance policies, and we find that Alt's Dairy's petition to nullify defied its substance and procedures.  We affirm the judgment of the district court.

---

[2] In so holding, we take no position on whether the FAA's time limits are jurisdictional.