NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0141n.06

No. 23-3367

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
Mar 21, 2024
KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| RAY SCOTT HEID; JAMES E. DAMRON, | ) | |
| Plaintiffs-Appellants, | ) ) | |
| v. | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT |
| WARDEN[*], et al., | ) ) ) | COURT FOR THE SOUTHERN DISTRICT OF OHIO |
| Defendants-Appellees. | ) ) ) | OPINION |

Before: KETHLEDGE, BUSH, and READLER, Circuit Judges.

JOHN K. BUSH, Circuit Judge. Inmates Ray Scott Heid and James E. Damron sued Warden Gary Mohr and other Ohio prison officials under 42 U.S.C. § 1983 for confiscating three books about Adolph Hitler and the Nazis that the inmate plaintiffs argue they read to practice their religion. Plaintiffs seek to invoke the Free Exercise Clause of the First Amendment. The magistrate judge recommended granting summary judgment for defendants because plaintiffs' purported free-exercise claims were time-barred, and the district court agreed. We agree with this reasoning as to the challenges of two of the books: they are untimely. We therefore affirm the district court's judgment as to those books. As to the third book, we do not reach the merits of the plaintiffs' claim because it is moot. It is therefore dismissed.

---

[*] The first-named defendant in this action was originally Gary C. Mohr, Warden of the Ross Correctional Institute where both of the plaintiffs were incarcerated. The plaintiffs are now incarcerated in different correctional facilities with different wardens. Pursuant to FRAP 43, Substitution of Parties, the court substituted "Warden" for Gary C. Mohr in this case's caption.

**I.**

This dispute arose at the Ross Correctional Institute (RCI), where Heid and Damron were incarcerated.  On August 21, 2015, RCI prison officials removed several texts from the prison library, including *Was Adolf Hitler a Bible Christian?* and *Christian Principles of National Socialism*.  Then, on October 15, 2015, during a prison-cell shakedown, officials confiscated a copy of *Mein Kampf* from Heid.  Given the nature of the removed publications, prison officials were concerned that those writings presented a risk of violence.

On April 9, 2018, plaintiffs filed this § 1983 action regarding the book removal.  They asserted that defendants' actions placed a substantial burden on their practice of religion, and thus constituted a violation of their First Amendment rights.  The prison officials raised a statute-of-limitations defense, citing a two-year statute of limitation that applies to the § 1983 claims.  Specifically, defendants argued that the claims were untimely because plaintiffs sued more than two years after prison administrative proceedings relating to their claims had concluded.

On July 15, 2022, the parties cross-moved for summary judgment.  As to the free-exercise claims, the district court adopted the magistrate judge's recommendation to grant summary judgment to the prison officials based on the statute of limitations.  The district court entered a final judgment, which plaintiffs timely appealed.

**II.**

We review a district court's grant of summary judgment de novo.  *Jackson v. City of Cleveland*, 925 F.3d 793, 806 (6th Cir. 2019).  Summary judgment is appropriate when there is "no genuine dispute as to any material fact" and the moving party "is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  "[W]e view the factual evidence in the light most favorable

to the nonmoving party, and draw all reasonable inferences in that party's favor." *Burwell v. City of Lansing*, 7 F.4th 456, 462 (6th Cir. 2021) (alteration in original) (citation omitted).

**III.**

Plaintiffs appeal the district court's judgment as it pertains to their free-exercise claims.[1] *See* Appellant Br. They assert that prison officials violated their First Amendment rights by removing *Was Adolf Hitler a Bible Christian?* and *Christian Principles of National Socialism* from the prison library and by confiscating *Mein Kampf* from Heid's cell. We agree with the district court that the challenges as to *Mein Kampf* and *Was Hitler a Bible Christian?* are time-barred. We therefore affirm the summary judgment for the prison officials as to those challenges. As to the challenge concerning *Christian Principles of National Socialism*, we dismiss it as moot.

**1.** ***Mein Kampf* and *Was Adolf Hitler a Bible Christian?***

The bulk of plaintiffs' appeal can be disposed of based on the applicable statute of limitations. "In § 1983 cases, 'state law determines which statute of limitations applies,' while 'federal law determines when the statutory period begins to run.'" *Garza v. Lansing Sch. Dist.*, 972 F.3d 853, 867 n.8 (6th Cir. 2020) (quoting *Harrison v. Michigan*, 722 F.3d 768, 772–73 (6th Cir. 2013)). For § 1983 claims, we borrow from the state statute of limitations applicable to personal injury actions. *Banks v. City of Whitehall*, 344 F.3d 550, 553 (6th Cir. 2003) (citing *Wilson v. Garcia*, 471 U.S. 261, 280 (1985)). Ohio imposes a two-year statute of limitations for personal injury. Ohio Rev. Code § 2305.10. The cause of action accrues "when the plaintiff knows

---

[1] Plaintiffs do not appeal their claims under the Fifth Amendment, the Equal Protection and Due Process Clauses of the Fourteenth Amendment, or the Religious Land Use and Institutionalized Persons Act, all of which they also lost upon below.

or has reason to know that the act providing the basis of his or her injury has occurred." *Garza*, 972 F.3d at 867 n.8 (quoting *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996)).

However, the Prison Litigation Reform Act provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). As a result, the statute of limitations "is tolled while the plaintiff exhausts his required administrative remedies." *Surles v. Andison*, 678 F.3d 452, 458 (6th Cir. 2012) (citing *Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir. 2000)).

The final administrative decisions denying relief as to *Mein Kampf* and *Was Hitler a Bible Christian?* were made on November 24 and December 4, 2015, respectively. Because plaintiffs did not file their complaint in court until April 9, 2018—more than two years after each of the relevant final administrative decisions—the challenges pertaining to those books are time-barred.[2]

## 2. *Christian Principles of National Socialism*

It is unclear from the record whether or when a final administrative decision was made regarding the removal of *Christian Principles of National Socialism*. But, regardless of its timeliness, their claim regarding this book has become moot. We therefore do not rule upon it.

"A federal court has no authority to render a decision upon moot questions or to declare rules of law that cannot affect the matter at issue." *United States v. Solano-Rosales*, 781 F.3d 345,

---

[2] The magistrate judge also addressed equitable tolling, which may extend a statute-of-limitations period when a litigant's failure to file suit within that period was unavoidable because of "circumstances beyond that litigant's control." *Jackson v. United States*, 751 F.3d 712, 718 (6th Cir. 2014) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir.2010)). But plaintiffs did not present any argument regarding equitable tolling in their opening brief to this court. Thus, it is waived. *See Kuhn v. Washtenaw Cnty.*, 709 F.3d 612, 624 (6th Cir. 2013) (citing *Caudill v. Hollan*, 431 F.3d 900, 915 n.13 (6th Cir. 2005)).

355 (6th Cir. 2015) (quoting *United States v. City of Detroit*, 401 F.3d 448, 450 (6th Cir. 2005)). In an order denying the plaintiffs' request for injunctive relief, a prior panel explained that the challenge to the removal of *Christian Principles of National Socialism* from the RCI prison library was mooted after the plaintiffs were transferred to other facilities. *Heid v. Mohr*, No. 19-3259, 2020 WL 13561751, at *3 (6th Cir. Mar. 30, 2020). The plaintiffs did not allege in their Complaint "that ODRC banned these materials in all its facilities or that these materials were in their personal possession and were permanently confiscated from them." *Id.* Accordingly, because their claim regarding *Christian Principles of National Socialism* was "specific to their former places of confinement," we denied the claim on mootness grounds. *Id.*

The plaintiffs have presented no basis to disturb the prior panel's conclusion. Under the law-of-the-case doctrine, we are bound by the conclusions of a prior panel "unless there is '(1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice.'" *Howe v. City of Akron*, 801 F.3d 718, 741 (6th Cir. 2015) (quoting *Entm't Prods., Inc. v. Shelby Cnty.*, 721 F.3d 729, 742 (6th Cir. 2013)). As was the case during their prior appeal, the plaintiffs are no longer incarcerated at RCI. They allege that since filing their Complaint, the defendants "have proscribed the entire practice of" their asserted religion, suggesting that the materials they seek would be prohibited in all ODRC facilities. Appellant Br. at 11. But, although they claim that they are prevented from obtaining certain CDs, they do not claim to lack access to *Christian Principles of National Socialism* at the facilities where they now reside. *Id.* Thus, they have not presented any new allegations, let alone evidence, that keep their claim live.

**IV.**

For the foregoing reasons, we **AFFIRM** the judgment of the district court with respect to the plaintiffs' claims regarding *Mein Kampf* and *Was Adolf Hitler a Bible Christian?* We **DISMISS** as moot the plaintiffs' claim concerning *Christian Principles of National Socialism.*